Ernest **LOPEZ**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14388.

United States Court of Appeals
Ninth Circuit.

Nov. 24, 1954.

Rehearing Denied Jan. 20, 1955.

Sidney Feinberg, San Francisco, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Hiram W. Kwan, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, POPE, Circuit Judge, and BYRNE, District Judge.

DENMAN, Chief Judge.

Lopez appeals from a judgment of the district court denying his motion like that for a writ of error coram nobis to set aside a sentence on the felony of conspiracy under old Title 18 U.S.C. § 88, the conspiracy being to violate old Title 18 U.S.C. § 101 in the receiving of property stolen from the United States.[1] The motion was denied without taking evidence on the grounds that its allegations failed to state a case warranting such consideration because the same contentions had been disposed of adversely to him in a prior proceeding.

There is an obvious question as to the jurisdiction of the district court to entertain the motion in the nature of a writ of error coram nobis. On May 5, 1954, when Lopez filed his motion, he was in the penitentiary serving four consecutive sentences, one of which for two years, adjudged on July 30, 1943, and

1. 1948 Revision, 18 U.S.C.A. §§ 371, 641, 3435.

which he had served, he now attacks. If successful he still would have been confined on the other sentences until October 1954. The question is whether the district court had jurisdiction to consider the motion on its merits where it would afford Lopez no immediate relief from confinement.

The case of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, seems authority for this jurisdiction. There the single federal sentence attacked had already been served. If held invalid it would require that Morgan's sentence in a New York court as a second offender because of the prior federal crime would have to be set aside and a new sentence rendered for a lesser offense. The relief granted Morgan would no more free him from custody than the relief sought by Lopez.

A great gain is achieved by holding that the instant motion may be litigated before the movant is in a position to receive the benefit of the decision. In habeas corpus and 28 U.S.C. § 2255 where the issue is the validity of the judgment under which the appellant is then held, if he is successful, all the time in which he is litigating it, possibly for two or three years until a favorable decision of the Supreme Court, is wrongfully spent in the penitentiary. Under this motion, if successful, the prisoner is released at once from confinement on the expiration of a prior sentence and is not required wrongfully to remain there during the period of litigation.

■ The indictment's second count charges two conspiracies. One is that Lopez and another person conspired "to receive, conceal and have in possession with intention to convert to their own use and gain" certain gasoline books belonging to the United States and stolen from it. The other is that they conspired to *transfer* ration books not charged to have been stolen to *"persons not entitled to accept such transfer."*

The overt acts charged for both conspiracies are the delivery of the books to two persons named as Balton D. Oliver and William H. Summers. Lopez does not question that the acts charged as constituting the two conspiracies violated 18 U.S.C. §§ 101 and 88. Nor does he question that there was a proper overt act pleaded and proved as to the first conspiracy.

As to the second conspiracy to transfer the books to persons not entitled to receive them, Lopez contends that there is no charge in the indictment that Oliver and Summers were persons not entitled to receive them and no instruction by the court that he could not be convicted under the second conspiracy. Hence he contends that the jury well might have acquitted him on the first conspiracy count and wrongfully convicted him on the second conspiracy count.

Unlike the Morgan case, Lopez had two counsel. Neither requested any instruction covering the above contention. After reading the court's instructions to the jury, which omitted such an instruction, the following ensued:

"[The Court] Are there any exceptions to the charge given by the court?

"Mr. Schutz [for Lopez]: No, your Honor.

"The Court: The Government?

"Mr. Carter: The Government is satisfied."

We agree with the government's contention that with such representation of Lopez by counsel and such deliberate agreement with the instructions given, no violation of constitutional right or other condition exists warranting a collateral attack on the judgment.

The judgment is affirmed.