Arnold Thomas KYLE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16686.

United States Court of Appeals
Ninth Circuit.

Dec. 5, 1960.

Arnold T. Kyle, in pro. per.

Elmer E. Nichols, Oakland, Cal., for appellant.

Charles P. Moriarty, U. S. Atty., David J. Dorsey, Asst. U. S. Atty., Seattle, Wash., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before CHAMBERS, HAMLEY and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant, a federal prisoner, filed a motion in the district court "in the na-ture of a writ of coram nobis" to vacate and set aside the life sentence imposed upon him by the same district court on October 21, 1940, following his plea of guilty to the offense of murder in the second degree, as set forth in Section 454, Title 18, U.S.C. 1940 Ed., now Sections 1111 and 1112, Title 18 U.S.C. 1954 Ed.

The grounds of appellant's motion are:

1. That appellant did not have the effective assistance of counsel at the time when he entered his plea of guilty, in violation of the guarantee contained in the Sixth Amendment to the Constitution of the United States;

2. That the indictment was obtained by misrepresentation and fraud, thus denying to the appellant due process of law;

3. That appellant is innocent of the charge contained in the indictment; and

4. That there exists no corpus delicti of the crime charged in the indictment.

The motion of appellant was accompanied by appellant's affidavit, and the affidavit of Leo A. Sullivan, Attorney at Law. The district judge issued an order to show cause ordering the United States to make and file a return showing cause, if any there be, why the relief sought by the petitioner should not be granted. The return to the order to show cause was accompanied by statements, affidavits, copies of correspondence, certificates and reports, controverting many of the allegations set forth in petitioner's motion and supporting affidavits.

On June 30, 1958, the district court denied appellant's motion without hearing, stating in its written order that the court "has fully considered defendant's motion, affidavits and memoranda as well as the files and records of the cause * * * Since the files and records of the cause conclusively show that petitioner is not entitled to relief as prayed for or otherwise, it is hereby ordered that the motion be and the same hereby is denied and the order to show cause discharged."

This Court reversed the order appealed from and remanded the cause to the district court with instructions to hold a hearing on appellant's motion, at which time the appellant should be present. The opinion of this Court is reported in Kyle v. United States, 263 F.2d 657.

The background facts leading up to the filing of appellant's motion and its denial by the district court are fully set forth in our first opinion and need not be restated.

Pursuant to the remand the hearing was held on August 3, 1959, by the district court, at which the appellant was present and represented by counsel. Appellant testified as a witness on his own behalf. Called as witnesses by the appellee were Leo A. Sullivan, the attorney of record for appellant at the time of appellant's guilty plea to the murder charge; Dr. Frank R. Maddison, licensed physician who was the personal physician of United States Marshal Chitty, for whose death appellant and his co-defendant were indicted for murder in the first degree; and Clement Zukowsky, who was a federal custodial officer assisting Marshal Chitty in the custody and control of appellant and his co-defendant, and who was present at the time of the attack upon Marshal Chitty, whose death occurred shortly thereafter.

At the hearing on appellant's motion appellant, through his counsel, stated to the district court that he would predicate his prayer for relief on the first and third grounds of the motion, namely, ineffective assistance of counsel, and appellant's assertion of innocence. Following the hearing, the district court in part stated:

"I have not the slightest doubt in my mind but that at that time he [appellant] was effectively and adequately represented by counsel.

"I find Mr. Kyle's testimony incredible and unbelievable, and I do not believe it. In every important particular he is confounded either by direct evidence that I accept as credible, namely, the testimony of Mr. Sullivan and Mr. Zukowsky, or by the lack of credibility in his own testimony which I find inherently unworthy of belief. * * * upon the evidence submitted here on this hearing and in the record, I personally have not any remote doubt but that Mr. Sullivan served Kyle faithfully and well in the circumstances at the time. I am satisfied that in all probability he saved Kyle's life. * * * The idea that [co-defendant] Cretzer's attempt to escape here in the courthouse was something that Kyle had never heard anything about is ridiculous. * *

"These two men had been engaged jointly in criminal activities two or three previous occasions, at least, perpetrating serious, desperate crimes. They had joined in a desperate attempt to escape from McNeil Island only a short time previously, that being the charge on which they were being tried when the Marshal was assaulted. To suggest that on that occasion Cretzer thought up the idea of attacking the Marshal by himself and never told Kyle anything about it, and that Kyle was merely an unwilling bystander in the fracas, in my mind is so unreasonable and unlikely as to not be worthy of belief. In any event, this version of the incident is directly contradicted by the testimony of Zukowsky, whom I find in every way a credible and competent witness."

The district court thereupon denied appellant's motion, and thereafter made and filed detailed findings of fact and conclusions of law which were adverse to appellant's contentions on all material matters.

This is the order which is under review on this appeal.

Thereafter appellant moved the court for a reconsideration and rehearing of his motion, which he supported by the affidavit of appellant, the affidavit of one Elmer E. Nichols which concerned a portion of the testimony of the witness Sullivan who at the hearing testified,

among other matters, that he had signed a certain affidavit prepared by Elmer E. Nichols without being aware of its contents, and the affidavit of appellant's sister. The motion for rehearing, together with the affidavits filed in support thereof, were considered by the district judge, and thereafter a written order was entered denying such motion.

We have reviewed the entire record, including the reporter's transcript of the testimony of the witnesses who testified at the hearing before the district court. The district judge saw and heard the witnesses who testified. He found that the testimony of appellant was incredible. He found the testimony of appellee's witnesses to be reliable and worthy of belief. His findings of fact are fully supported by the record.

The order appealed from is affirmed.