Alexander J. WOYKOVSKY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17789.

United States Court of Appeals
Ninth Circuit.

Oct. 31, 1962.

Rehearing Denied Dec. 26, 1962.

John J. King, Jr., San Francisco, Cal., for appellant.

John W. Bonner, U. S. Atty., Thomas R. C. Wilson, and Melvin D. Close, Jr., Las Vegas, Nev., for appellee.

Before JERTBERG and BROWNING, Circuit Judges, and PENCE, District Judge.

JERTBERG, Circuit Judge.

Appellant, a federal prisoner held in custody at the United States Penitentiary at Leavenworth, Kansas, appeals from an order of the United States District Court for the District of Nevada entered on December 28, 1961 denying, without a hearing, appellant's motion filed on November 22, 1961 under Rule 35 of Fed. Rules Crim.Proc.,[1] to correct "an unlawful and illegal" sentence imposed upon him by that court on February 25, 1954.

The history of prior proceedings discloses that on February 25, 1954, while represented by court-appointed counsel, the appellant entered pleas of Guilty to counts contained in a criminal information charging violations of §§ 495, 500 and 1708 of 18 U.S.C. and was sentenced to five consecutive two-year terms of imprisonment. On March 5, 1954, the district court modified appellant's sentence under one of the counts providing that one two-year sentence imposed on one of the counts should run concurrently with

---

1. "Correction or Reduction of Sentence

"The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

that imposed on one of the other counts, thus making a total sentence under all counts of eight years.

Appellant remained incarcerated in the federal penitentiary until paroled on September 7, 1959, nine hundred and one days prior to the expiration of the eight years imprisonment to which appellant had been sentenced. Following his release from imprisonment and during his period of parole, appellant was arrested by federal authorities, and on October 3, 1960 was sentenced to 12 years imprisonment by the United States District Court for the Northern District of Illinois, Eastern Division. On November 4, 1960, said court reduced appellant's sentence to eight years and he is presently incarcerated at Leavenworth, Kansas in the service of said sentence.

On October 31, 1960 appellant was notified by the United States Board of Parole that it had issued a detainer against him for violation of his conditional release under sentences of February 25, 1954 and that he would be required to serve the remaining 901 days of said sentences.

The purpose of appellant's motion is to have declared illegal and unlawful the sentences imposed on February 25, 1954 in order that he will not be required to serve the remaining 901 days of said sentences.

The sole question presented by this appeal is whether the district court erred in denying appellant's motion without a hearing.

Before considering appellant's contentions on this appeal, it is necessary to state that appellant was arrested in Nevada and accused of violating §§ 495, 500 and 1708 of 18 U.S.C., said offenses allegedly having occurred in the States of Connecticut, Massachusetts, Ohio and Missouri. On January 15, 1954, appellant appeared before the district court to sign five waiver of indictment forms for the purpose of proceeding under Rule 20 of Fed. Rules Crim. Procedure.[2] The waiver forms were all signed by the appellant and further prosecution of the charges against appellant proceeded in the district court of Nevada under Rule 20.

On this appeal, appellant contends that the record is inconclusive (1) as to whether appellant was in fact presented with copies of the informations pending against him in Connecticut, Massachusetts, Ohio and Missouri prior to his signing the Rule 20 forms whereby he consented to the transfer of said informations to the United States District Court for the District of Nevada for pleas and sentences, and (2) as to whether he was represented by counsel at the time he signed the said Rule 20 forms. From the foregoing, appellant argues that the district court erred in denying his motion without a hearing.

The district court concluded that appellant's motion was not within the purview of Rule 35 and, therefore, treated appellant's motion as an application for relief pursuant to the provisions of § 2255, 28 U.S.C. Appellant concedes

2. "Transfer from the District for Plea and Sentence

"A defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty or *nolo contendere*, to waive trial in the district in which the indictment or information is pendng and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States at-

torneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district. If after the proceeding has been transferred the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced and the proceeding shall be restored to the docket of that court. The defendant's statement shall not be used against him unless he was represented by counsel when it was made."

that the district court properly concluded that appellant's motion was not within the purview of Rule 35. See Green v. United States, 274 F.2d 59 (1st Cir. 1960), and United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Appellant further concedes that his motion is not cognizable under § 2255, 28 U.S.C., since appellant is presently confined in the service of a sentence other than those which he is presently attacking. The law is well settled that a petitioner has no right to have adjudged under § 2255 the validity of a sentence where, if adjudged in his favor, he will still be confined under another existing sentence. See Oughton v. United States, 15 Alaska 140, 215 F.2d 578 (9th Cir. 1954); Kyle v. United States, 263 F.2d 657 (9th Cir. 1959). However, we believe that appellant's motion is cognizable as a proceeding in the nature of a writ of coram nobis. See United States v. Morgan, supra; Kyle v. United States, supra; Lopez v. United States, 217 F.2d 526 (9th Cir. 1954); and Tucker v. United States, 235 F.2d 238 (9th Cir. 1956). We, therefore, proceed to consider appellant's contentions.

The district court found as facts:

"1. That counsel had been appointed by this Court to represent the petitioner prior to the time consents under Rule 20 were signed by him and that he had the benefit of counsel throughout the proceedings in all of the five cases under consideration here.

"2. That prior to signing the five consents to transfer each of the cases to the District Court of Nevada for plea and sentence pursuant to Rule 20, the petitioner had received copies of each of the informations filed in said cases."

The record conclusively establishes that when appellant appeared in the district court on January 15, 1954 for the purpose of proceeding under Rule 20, counsel was appointed by the court to represent the appellant. The record clearly shows that on that date appellant was painstakingly informed by the district court and by his court-appointed counsel as to his rights under Rule 20. At that time waiver of indictment forms for the purpose of proceeding under Rule 20 were given to appellant. Included in the statements made to the appellant by the presiding Judge are the following:

"THE COURT: I want to make sure that you understand just what is taking place and that you appreciate what you may do here. Whatever you do here is of your own free will, you are not under any pressure of compulsion, you understand that?

"MR. WOYKOVSKY: Yes, sir.

"THE COURT: This court has no jurisdiction of your case, or cases, but under Rule 20 of the Federal Rules of Criminal Procedure, a defendant, who has been charged in some other state or district, if he intends to enter a plea of guilty, may have his case disposed of in the district in which he was arrested or apprehended. As far as you are concerned, that would mean the District of Nevada.

"Now that can be done if two things occur—if you are willing to have it occur, and if you intend to plead guilty. We are not putting any pressure on you to plead guilty, but if that is your purpose, your intention, that you can come in here and if the United States Attorney for the other district and the United States Attorney for this district both consent, then your case can be disposed of in this court, but before that may be done, it is necessary to find out whether you are going to waive indictment back in the other district. If you do not waive indictment, why, of course, we couldn't do anything today with your case. I think I have explained this to you, but I want you to keep in mind that this is voluntary on your part. You do not have to plead guilty, you do not have to waive indictment, you have a right to have your case pre-

sented to a grand jury if you want it presented, and when I say 'your case,' I mean all your cases.

\* \* \* \* \* \*

"Now this morning you evidently indicated that you wanted this court to handle the case here in Nevada and you indicated that you are going to plead guilty—all right. So under the circumstances then, you are now being asked whether or not you will waive indictment, give up your right to have the cases presented to a grand jury. If you want your cases presented to a grand jury, don't sign that document, and if you do not intend to plead guilty, we have no jurisdiction, so other proceedings would have to be brought to have your removal to these other districts. \* \* \*."

The record also discloses that the presiding Judge stated to court-appointed counsel:

"I am going to ask the marshal to give you an opportunity to talk to the defendant. Take one of these waivers with you and see if he understands just what he has indicated he wanted to do and if he really wants to enter pleas of guilty."

Thereupon appellant and counsel retired from the courtroom and returned after a short interval. The court then stated:

"Let the record show the presence of the defendant with attorney, Mr. Murphy. Now, Mr. Murphy, the defendant has consulted with you and he understands what he is about to do?

"MR. MURPHY: The defendant understands fully, your honor.

"THE COURT: What does he want to do? Does he want to sign the waivers?

"MR. MURPHY: Yes, he will sign the waivers."

The record conclusively establishes that when appellant was arraigned and entered his pleas of Guilty on February 25, 1954, he was represented by court-appointed counsel.

The appellant concedes that he signed the waiver forms. His contention boils down to his claim that his counsel was not present when the waivers were signed. We find no merit in such contention in view of the fact that appellant was fully and completely advised not only by counsel but by the court, of the nature of the proceedings and his rights under Rule 20. The finding of the district court that appellant had the effective assistance of counsel throughout the entire proceedings is conclusively supported by the record.

Appellant contends that the record does not conclusively show that he had been presented with copies of the informations pending against him in Connecticut, Massachusetts, Ohio and Missouri prior to his signing the consent to transfer forms. From such premise appellant argues that unless it be conclusively shown that Rule 20 in this respect had been complied with, the United States District Court of Nevada lacked jurisdiction to impose the sentences upon him.

Each of the consent forms signed by appellant acknowledges receipt by appellant of a copy of the information pending against him in another district. See Hornbrook v. United States, 216 F.2d 112 (5th Cir.1954). While the record does not indicate the precise date on which the waivers were signed, it does disclose that they were all signed after January 15, 1954 and prior to February 25, 1954. The contention of appellant is of the most technical character and by no stretch of the imagination remotely affects any substantial right. There is no contention by appellant that he was not fully advised of the charges to which Guilty pleas were entered or that the sentences imposed upon him resulted in any miscarriage of justice. A proceeding in the nature of coram nobis is an extraordinary one. In United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129 (1914), the Supreme Court said that coram nobis includes errors "of the most fundamental character." In United States v. Morgan, supra, the Supreme

**386**

Court stated, 346 U.S. at p. 511, 74 S.Ct. at p. 252:

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."

 In our view, the contention of appellant is without substance and is not within the purview of a proceeding in the nature of coram nobis.

The order appealed from is affirmed.