**Andrew J. LEONARD, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 16113.**

United States Court of Appeals Ninth Circuit.

Feb. 21, 1963.

---

2. See Findings of Fact 3, 4, 5, 7, 8 and 9.

Andrew J. Leonard, petitioner, in pro. per.

No appearance on behalf of the respondent.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

The petitioner has lodged with the Clerk of this Court a motion to proceed in forma pauperis, with supporting affidavit and "Petition For a Writ of Error Coram Nobis."

From the affidavit and petition it appears that petitioner is presently confined in the federal penitentiary at McNeil Island, Steilacoom, Washington, where he is serving a ten-year sentence imposed upon him following conviction of some federal offense, the nature of which offense is not stated. The petitioner does not attack in any way the legality of his present confinement.

The petition prays that the Mandate issued by this Court in Andrew J. Leonard, Appellant, v. United States of America, Appellee, No. 16113, be recalled; that a hearing be held; and that this Court issue an order "to the Warden, U. S. Penitentiary, McNeil Island, Steilacoom, Washington to release the Petitioner forthwith from a detainer held against him for the U. S. Parole Board."

It appears that the detainer arises from a judgment of conviction and sentence imposed upon petitioner following trial to a jury by the district court of the Territory (now State) of Alaska, Third Division, which sentence and judgment of conviction was affirmed by this Court. See Leonard v. United States of America, 278 F.2d 418 (9th Cir., May 3, 1960). See also Leonard v. United States, 277 F.2d 834 (9th Cir., April 6, 1960) wherein judgment of conviction of appellant in the district court of the Territory (now State) of Alaska, Third Division, was reversed with directions to grant appellant a new trial.

Petitioner alleges that he was denied "due process and equal protection of the law in violation of the 5th, 6th and 14th Amendments" in that there was omitted from the record on the first mentioned appeal the testimony given at his trial in the district court by one Mr. Carpenter and one Mr. O. Johnson, as well as defendant's Exhibit 8 consisting of a letter written by said Carpenter to the United States Attorney for the Territory (now State) of Alaska which letter petitioner claims was material to the question of the voluntary character of a confession which was admitted into evidence by the district court.

■ Since the petition relates to the subject matter of petitioner's first mentioned appeal to this Court which appeal was prosecuted in forma pauperis, the motion of petitioner to proceed in forma pauperis in the instant proceedings is granted, and the Clerk is directed to file, without prepayment of fees, the documents which have been lodged.

Since, as hereinafter stated, we find the petition devoid of merit, we need not determine whether petitioner's remedy is by way of a motion to recall the Mandate of this Court—Cf. Williams v. United States, 307 F.2d 366 (9th Cir., 1962) —or by proceedings in the way of coram nobis. Cf. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Lopez v. United States, 217 F.2d 526 (9th Cir., 1954); Tucker v. United States, 235 F.2d 238 (9th Cir., 1956); and Kyle v. United States, 263 F.2d 657 (9th Cir., 1959).

We now reach the merits of the petition.

■ An examination of the record on appeal discloses that the testimony of Carpenter and Johnson was included in the reporter's transcript on appeal. See pages 122–126, 177–180, 189–199, and 242–251. We further find that Exhibit 8 was included in the record on appeal. We note that appellant's brief on appeal refers to the exhibit describing its contents. See appellant's brief, pages 11, 22 and 23. The brief also refers to the pages of the reporter's transcript where the exhibit was introduced in evidence before the district court and its contents stated. See appellant's brief, page 11, and reporter's transcript, pages 179, 242–243.

We hold that the petition is barren of substance and the same is hereby denied.