Alexander J. WOYKOVSKY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19004.

United States Court of Appeals Ninth Circuit.

Sept. 23, 1964.

Alexander J. Woykovsky, in pro. per.

John W. Bonner, U. S. Atty., Reno, Nev., for appellee.

Before ORR, BARNES and JERT-BERG, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant, a federal prisoner held in custody at the United States Penitentiary at Leavenworth, Kansas, appeals from an order of the United States District Court for the District of Nevada, dated September 4, 1963 and entered September 6, 1963, denying without a hearing appellant's motion dated August 18, 1963 under Rule 35, Federal Rules of Criminal Procedure "to correct an illegal sentence", imposed upon him by that court on February 25, 1954.

On December 28, 1961 the same District Court denied, without a hearing, a motion filed by appellant on November 22, 1961 under Rule 35, Federal Rules of Criminal Procedure, "to correct an unlawful and illegal sentence" imposed upon him on February 25, 1954. Following such denial appellant appealed to this court. This court treated appellant's motion as a proceeding in the nature of a writ of coram nobis and affirmed the order of the District Court. See Woykovsky v. United States, 309 F.2d 381 (9th Cir. 1962), C.D. 374 U.S. 838, 83 S.Ct. 1889, 10 L.Ed.2d 1059 (1963).

In that decision we reviewed in detail the district court proceedings up to and including the imposition of sentence on February 25, 1954 and the modification thereof on March 5, 1954.

Appellant was arrested in Nevada and accused of violating §§ 495, 500 and 1708 of 18 U.S.C., said offenses allegedly having occurred in the States of Connecticut, Massachusetts, Missouri and in two districts in the State of Ohio. On January 15, 1954 appellant appeared before the District Court to sign five waiver of indictment or information forms for the purpose of proceedings under Rule 20, Federal Rules of Criminal Procedure. The several forms were all signed by the appellant while represented by court appointed counsel and further prosecution of charges against appellant proceeded in the District Court under Rule 20.

Five informations were filed against the defendant in the District Court:

No. 12624 contained five counts;

No. 12618 contained eleven counts;

No. 12614 contained two counts;

No. 12609 contained four counts; and

No. 12608 contained six counts.

On February 25, 1954 while represented by court appointed counsel appellant entered pleas of guilty to all counts contained in the five informations. Imposi-

tion of sentence was in the following sequence:

On Case No. 12624 the appellant was committed to the custody of the Attorney General for a period of two years on each count contained in the information, all to run concurrently.

On Case No. 12618 the appellant was committed to the custody of the Attorney General for a period of two years on each count contained in the information, all to run concurrently but consecutively with and to begin after the expiration of the time actually served on the sentences imposed in Case No. 12624.

On Case No. 12614 the appellant was committed to the custody of the Attorney General for a period of two years on each count contained in the information, all to run concurrently but consecutively with and to begin after the expiration of the time actually served on the sentences imposed in Cases No. 12624 and 12618.

On Case No. 12609 the appellant was committed to the custody of the Attorney General for a period of two years on each count contained in the information, all to run concurrently but consecutively with and to begin after the expiration of the time actually served on the sentences imposed in Cases No. 12624, 12618 and 12614.

On Case No. 12608 the appellant was committed to the custody of the Attorney General for a period of two years on each count contained in the information, all to run concurrently but consecutively with and to begin after the expiration of the time actually served on the sentences imposed in Cases No. 12624, 12618, 12614 and 12609.

Thus the aggregate sentences imposed on all counts contained in the five informations was ten years.

On March 5, 1954 the District Court modified the sentences imposed in Case No. 12608 to provide that they should run concurrently with the sentences imposed in Case No. 12609, thus the aggregate sentences imposed on all counts contained in the five informations was reduced to eight years.

Appellant remained incarcerated in the Federal Penitentiary until paroled on September 7, 1959. Following his release from imprisonment and during the period of parole, appellant was arrested by Federal authorities and on October 3, 1960 was sentenced to twelve years imprisonment by the District Court for the Northern District of Illinois, Eastern Division. On November 4, 1960, said court reduced his sentence to eight years and he is presently incarcerated at Leavenworth, Kansas, in the service of said sentence.

At the time appellant was released on parole, he had completely served the sentences imposed in Cases numbered 12624 and 12618. He had served 560 days on Case No. 12614. Thus there remained to be served 171 days on Case No. 12614 and 730 days (2 years) on Cases numbered 12609 and 12608, or a total time remaining to be served of 901 days.

On October 31, 1960 appellant was notified by the United States Board of Paroles that it had issued a detainer against him for violation of his conditional release under sentence of February 25, 1954, and that he would be required to serve the remaining 901 days of said sentence.

On the earlier appeal to this court appellant contended that the record was inconclusive (1) as to whether appellant was in fact presented with copies of the indictments or informations pending against him in Connecticut, Massachusetts, Ohio and Missouri prior to the signing of the Rule 20 forms whereby he consented to the transfer of said indictments or informations to the District Court for the District of Nevada for pleas and sentencing, and as to whether he was represented by counsel at the time he signed the said Rule 20 forms. This court found such contentions to be without substance. See Woykovsky v. United States, supra.

On this appeal appellant contends that a hearing in the District Court is required to determine whether the District Court was without jurisdiction in Case No. 12609. Appellant contends that the District Court was without jurisdiction in Case No. 12609 and that the sentences

imposed on the counts therein contained should be vacated and declared void. Appellant further contends that in the event it should be determined that the sentences imposed in Case No. 12609 are vacated and declared void, the sentences imposed on the counts contained in Case No. 12608 should be corrected to provide that the sentences therein imposed should run concurrently with the sentences imposed on counts contained in Case No. 12614, since the sentences imposed in Case No. 12608 could not run concurrently with the sentences imposed in Case No. 12609 if the sentences therein imposed should be declared void.

Should appellant's motion be granted after hearing, the effect would be that following the expiration of the sentence on which he is now incarcerated, appellant would be required to serve only 171 days instead of 901 days under the sentences imposed by the District Court of Nevada.

■ In support of his motion appellant, inter alia, contends that the record is inconclusive as to whether appellant was in fact presented with copy of the information pending against him in Case No. 12609, and hence informed of the charges pending against him in that case prior to his signing the Rule 20 form. This contention was disposed of adversely to appellant's contention on the former appeal. See Woykovsky v. United States,

supra. As we stated 309 F.2d at page 385:

"The contention of appellant is of the most technical character and by no stretch of the imagination remotely affects any substantial right. There is no contention by appellant that he was not fully advised of the charges to which Guilty pleas were entered or that the sentences imposed upon him resulted in any miscarriage of justice."

■ Appellant also contends that his rights to due process under the Fifth Amendment were violated in that preliminary proceedings set forth in Rules 3 and 5 of the Federal Rules of Criminal Procedure were by-passed by the government.

We find no substance in this belated claim of appellant. As set forth in Woykovsky v. United States, supra, the defendant signed the consent to transfer forms in all the cases. He was fully advised by the trial court and his court appointed counsel as to his rights under Rule 20 before signing such forms. He was fully informed of the charges contained in the informations in all of the above cases and at that time was represented by court appointed counsel. He voluntarily pleaded guilty to the counts contained in all of the informations. Appellant was deprived of no substantial right.

The order appealed from is affirmed.