Robert Delynn JONES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6640.

United States Court of Appeals Tenth Circuit.

April 20, 1961.

Rehearing Denied May 6, 1961.

Hugh J. McClearn, Denver, Colo., for appellant.

Jerry W. Hannah, Great Bend, Kan. (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before BRATTON, LEWIS, and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is a proceeding under 28 U.S.C.A. § 2255 in which the petitioner alleges that he is presently confined at McNeil Island, Washington, pursuant to a sentence imposed by the United States District Court for the District of Kansas upon petitioner's plea of guilty to an offense in violation of 18 U.S.C.A. § 2113(a). The petitioner asserts that his plea of guilty was made from lack of subjective understanding of the nature of the offense charged and upon the wholly inadequate advice of court-appointed counsel. The trial court denied relief without a hearing.

We affirm the judgment for the files and records of the case conclusively show that petitioner is entitled to no relief. He admits "entrance into the Bush City State Bank, at Bush City, Kansas, on the *night* of August 22, 1956, same bank was at that time a member of and insured by the Federal Deposit Corporation of the United States, and with the acknowledged intent to commit a felony * * *." He also alleges the intended felony to be that of burglary. The admitted acts constitute the very offense to which petitioner pleaded guilty and for which he was sentenced. 18 U.S.C.A. § 2113(a) provides:

"Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

"Whoever enters * * * any bank, * * * with intent to commit in such bank, * * * any felony affecting such bank * * *

"Shall be fined * * * or imprisoned not more than twenty years, or both."

Petitioner received a sentence of five years.