**Anthony MARCELLA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18794.**

United States Court of Appeals
Ninth Circuit.

April 30, 1965.

Rehearing Denied June 4, 1965.

Anthony Marcella, Steilacoom, Wash., in pro. per.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Sec., Robt. J. Timlin, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge.

Following conviction by jury, imposition of sentence, and the affirmance of the judgment of conviction by this court on appeal therefrom, [See: Marcella, Appellant, v. United States of America, Appellee, 285 F.2d 322 (9th Cir. 1960), Rehearing denied February 3, 1961, C.D. 366 U.S. 911, 81 S.Ct. 1085, 6 L.Ed.2d 235], appellant filed a petition in the District Court seeking relief under 28 U.S.C. § 2255. Following extensive hearings before the District Court, at which hearings appellant, represented by court appointed counsel was present, the District Court denied appellant's petition for relief, as follows:

"The court, being now fully advised, finds that during the trial of the petitioner upon the charges for which he was convicted the Government did not knowingly use perjured testimony, if indeed the testimony was in fact perjured, and the court further finds that the remaining grounds asserted in petitioner's motion are not proper grounds for collateral attack upon the judgment of conviction.

"IT IS THEREFORE ORDERED that petitioner's motion to vacate and set aside the sentence, judgment and indictment is hereby denied."

Appellant filed a timely notice of appeal from such order. Appellant's motion under 28 U.S.C. § 2255 stated:

"I. That petitioner's indictment, sentence, and conviction is void and a nullity as the grand jury setting (sic) within and for the Southern District of California, Central Division, is without jurisdiction.

"II. That the prosecuting officials knowingly used the perjured testimony of Marie Rose Santino at the trial of your petitioner, denying to petitioner by such perjured testimony due process of law under the Fifth Amendment to the Constitution of the United States.

"III. That petitioner was denied the effective assistance of Counsel, when such Counsel refused to effectively cross-examine witnesses, object to evidence and protect petitioner's rights without more money in violation of the guarantee to right to assistance of counsel contained in the Sixth Amendment to the Constitution of the United States."

The petition was set for hearing on December 3, 1962, at which appellant and his counsel were present. At that time the District Court stated that the only ground it felt it could inquire into was the allegation that there had been perjured testimony at the trial since the other grounds raised in the motion had been decided by this court. The court continued the hearing to December 10, 1962. On that occasion appellant's counsel stated that he had been unable to uncover any basis for perjured testimony in the case, whereupon appellant asked for the appointment of another attorney.

On February 8, 1963, appellant, through new counsel, filed a motion to reopen the hearing on appellant's motion. Further proceedings were held on February 18, 1963 when the District Court vacated the order appointing former counsel and appointed appellant's new counsel. The District Court granted appellant's motion to reopen the hearing and ordered that the further hearing be held on March 25, 1963. At the same time the District Court ordered that a Writ of Habeas Corpus ad Testificandum be issued for appellant's appearance in Los Angeles on March 11, 1963, in order to give appellant an opportunity to discuss the case with his counsel and to subpoena any necessary witnesses. On March 25, appellant, through his counsel, sought a continuance of the hearing in order to facilitate subpoenaing witnesses he felt would be necessary, and the matter was set for hearing on April 1, 1963.

On March 29, 1963, appellant's new counsel filed a "Petitioner's Hearing Memorandum" prepared by appellant which raised nine grounds for granting appellant's 2255 motion.

On April 1, 1963, a complete evidentiary hearing was held. In addition to appellant's testimony, the testimony of four witnesses subpoenaed by him was received, and two witnesses testified at the instance of appellee. All of the witnesses whom appellant requested were subpoenaed prior to the hearing and appeared, except one individual whom the Marshal was unable to serve. At the conclusion of the hearing the District Court allowed appellant's original motion to be amended to include all of the grounds raised in appellant's "hearing memorandum". The grounds stated in the "hearing memorandum" are:

"I. Petitioner was not taken before a commissioner or other magistrate 'without unreasonable delay'.

"II. Petitioner was denied a fundamental and sacred right by the refusal of his express demand for representation by his attorney.

"III. Petitioner was deprived of his right to a trial in the district where the purported crime was committed.

"IV. The indictments were insufficient.

"V. Petitioner was convicted without any evidence on a material element of the case.

"VI. Petitioner was convicted in reliance upon perjured testimony, employed by the prosecution.

"VII. The sentence and judgment are unintelligible and it is impossible to ascertain therefrom the actual nature and extent of imprisonment imposed on the petitioner under each.

"VIII. Petitioner's rights were infringed by an unfounded denial of bail pending appeal.

"IX. Under the circumstances of the case, the sentence imposed upon petitioner constituted a cruel and unusual punishment."

Appellant's specifications of error are that the District Court erred:

1. In finding that appellant was not convicted on perjured testimony knowingly used at the trial by the government;

2. In ruling that the following errors specified by appellant were not proper grounds for collateral attack upon the judgment of conviction:

    (A) the denial by the United States Commissioner of appellant's right to counsel at his arraignment;

    (B) the insufficiency of the indictment to charge a federal offense;

    (C) that he was deprived of the right to trial in the district where the charged offenses were committed; and

    (D) that the sentences imposed constitute cruel and unusual punishment.

We first consider appellant's contention that the District Court erred in its finding that:

## APPELLANT WAS NOT CONVICTED ON PERJURED TESTIMONY KNOWINGLY EMPLOYED BY THE GOVERNMENT.

Appellant argues that the District Court erred in its finding that the Government did not knowingly use perjured testimony. A general allegation is made, in support of this specification of error, that Marie Santino and Matthew Santino, co-defendants who testified for the Government following their pleas of guilty, gave false testimony at the trial concerning the activities of appellant in connection with the charges set out in the indictment. Appellant does not point to any specific testimony of the Santinos at the trial which he alleges to be false. Instead, he asserts an inference of perjury arises from the following facts: (1) the Santinos and Quentin Browning, an unindicted Government witness, were all old friends who were involved in the sale of narcotics and who were rewarded for their testimony by the Government; (2) Marie Santino's testimony at the hearing below was inconsistent with her testimony at the trial; and (3) those persons best in a position to testify as to the knowledge of the Santinos' false testimony were not present at the hearing of appellant's motion under 28 U.S.C. § 2255.

The allegation of friendship among the adverse witnesses and their common involvement in the sale of narcotics is insufficient to show a lack of truthfulness in their testimony. Of the three Government witnesses who were assigned to the Marcella case and who testified at the hearing, two were examined about possible rewards offered to the Santinos for their testimony. Both testified that they had offered none and that they knew of no such offer. Marie Santino testified that no one had offered her leniency but that she and her husband, Matthew, had pleaded guilty because: "That's the way we felt." Matthew Santino also testified that no one had promised him leniency.

Of the three statements appellant alleges Marie Santino made at the hearing which were inconsistent with her testimony at the trial, two related to the use of an assumed name and the length of time she had known Quentin Browning. We have found no material inconsistency. The third statement, made at the hearing, that she had never used heroin is contradicted by her testimony at the trial that she had used heroin and knew what it tasted like. This is not an inconsistency which prejudices appellant or which will support the inference that her testimony was false, *in toto*.

As beforementioned, all of those persons requested by appellant to be present at the hearing were subpoenaed and were

present save one who could not be served. Appellant does not assert that he was unaware of the identity of those "who worked concertedly to rig this trial" at the time of his request.

■■ Before a sentence may be vacated on the ground of perjured testimony, the movant must show that the testimony was perjured and that the prosecuting officials knew at the time such testimony was used that it was perjured. Black v. United States, 269 F.2d 38 (9th Cir. 1959). In addition, the perjured testimony said to have been knowingly used must be particularized definitely. Holt v. United States, 303 F.2d 791 (8th Cir. 1962); Accord, United States v. Jenkins, 281 F.2d 193 (3rd Cir. 1960).

■ In view of the complete absence of any evidence at the hearing that any testimony of the Santinos was prejudicially false and further that the Government was aware of any such perjury, we can reach no other conclusion than the finding of the District Court was not "clearly erroneous".

In appellant's four remaining assignments of error, it is alleged that the District Court erred in its ruling that those grounds there asserted are not proper grounds for collateral attack upon the judgment of conviction. Those grounds are that: (1) appellant was denied counsel at arraignment; (2) the indictment was insufficient to charge a crime; (3) appellant was deprived of his right to trial in the district in which the alleged crime was committed; and (4) the sentence imposed on appellant was cruel and unusual.

Before considering appellant's remaining assignments of error, we advert to the decision of this court on appellant's direct appeal from the judgment of conviction. On that appeal appellant urged:

1. The insufficiency of the evidence, particularly as to count two;

2. That the indictment fails to set forth acts or omissions with sufficient clarity to constitute a public offense, or to enable appellant to defend some of them;

3. That the conviction based on the uncorroborated testimony of accomplices is improper; and

4. Particularly so where one co-conspirator is not indicted and two others are indicted but dismissed after a plea of guilty; that this constitutes unequal enforcement of the law and a denial of due process.

The court found such assignments of error to be without merit. Marcella v. United States, supra.

■ Since the appellant raised on direct appeal the sufficiency of the indictment, we agree with the District Court that such ground may not be relitigated in Section 2255 proceedings. In this respect appellant does not point to any specific defect, but alleges that the indictment "does not state sufficient and material facts" of the offense charged. Count Two is a fair example of counts in which appellant was named. It is as follows:

"COUNT TWO
(U.S.C., Title 21, Sec. 174)

"On or about November 30, 1958, in Los Angeles County, California, within the Central Division of the Southern District of California, defendants ANTHONY MARCELLA, MARIE ROSE SANTINO and MATTHEW SANTINO knowingly and unlawfully received, concealed, transported and facilitated the concealment and transportation of one pound of heroin, a narcotic drug, which, as the defendants then and there well knew, previously had been imported into the United States of America contrary to United States Code, Title 21, Section 173."

A similar charge, in the same form, was recently approved in Jackson v. United States, 325 F.2d 477 (8th Cir. 1963). Also see Fiano v. United States, 291 F.2d 113 (9th Cir. 1961).

■ While we agree with the District Court that the remaining assignments of

error are not proper grounds for collateral attack on the judgment of conviction, nevertheless we will proceed to review them.

## APPELLANT WAS DENIED COUNSEL AT ARRAIGNMENT BY THE UNITED STATES COMMISSIONER.

Appellant was arrested, pursuant to a warrant for his arrest, on March 19, 1959 at approximately 8:00 p. m. Murray Keslar, an attorney, testified at the hearing below that he received a telephone call from appellant's uncle at about 2:00 a. m., the following morning. He testified that appellant's uncle requested him to appear on appellant's behalf regarding the setting of bail that same morning at 10:00 a. m. Mr. Keslar replied that he would then be in court on another matter but would try to get over there as soon as possible. At 10:00 a. m., that morning, Mr. Keslar telephoned the U. S. Commissioner before whom appellant was to appear and was advised that: "We are just ready to take it up now, to set his bail now." Mr. Keslar testified that he replied he would "get over there" but that when he arrived, bail had already been set. Appellant testified at the hearing that when he requested the U. S. Commissioner to wait for the arrival of his attorney, the Commissioner made no response but said: "Your bond is set at $25,000."

In Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), petitioner was charged with a capital offense in an Alabama state court. He was not represented by counsel at his arraignment. The court stressed the critical character of arraignment in Alabama (defenses not asserted at that time may be irretrievably lost) and reversed the conviction.

In White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), petitioner pleaded guilty to a capital charge at a preliminary hearing when not represented by counsel. Later he was arraigned and while represented by counsel entered pleas of "not guilty" and "not guilty by reason of insanity." At his trial in a Maryland state court the previous plea of guilty was introduced into evidence. The Supreme Court reversed the judgment of conviction and said: "Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law."

We agree with the Fourth Circuit that:

"In our view, Hamilton [v. State of Alabama, supra] and White [v. State of Maryland, supra] teach that an accused is denied rights afforded him under the sixth amendment when he is subjected to an arraignment or to a preliminary hearing without the assistance of counsel, where events transpire that are likely to prejudice his ensuing trial." DeToro v. Pepersack, 332 F.2d 341, 343 (4th Cir. 1964), Cert. den. 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181; And see, United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2d Cir. 1964).

Beyond the setting of bail and compliance with Rule 5, Federal Rules of Criminal Procedure [1] it does not appear nor does appellant assert that any further proceedings of any kind took place during that proceeding. There were no pleas, statements or waivers made by appellant. The minutes of the United States District Court of the Southern District of California, Central Division, indicate that appellant, while represented by coun-

---

1. Rule 5(b) provides:
    "(b) Statement by the Commissioner. The commissioner shall inform the defendant of the complaint against him, of his right to retain counsel and of his right to have a preliminary examination. He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The commissioner shall allow the defendant reasonable time and opportunity to consult counsel and shall admit the defendant to bail as provided in these rules."

sel, was arraigned before United States District Judge Harry C. Westover on April 20, 1959 and for the first time entered his plea (not guilty) before Judge Westover on May 4, 1959.

■ The proceedings before the U. S. Commissioner on March 20, 1959 operated solely for the benefit of the accused. We find no error in the setting of appellant's bail before the arrival of his attorney. Cf., United States ex rel. Cooper v. Reincke, supra; DeToro v. Pepersack, supra; Latham v. Crouse, 320 F.2d 120 (10th Cir. 1963); Headen v. United States, 115 U.S.App.D.C. 81, 317 F.2d 145 (1963); Council v. Clemmer, 85 U.S.App.D.C. 74, 177 F.2d 22 (1949); Burall v. Johnston, 146 F.2d 230 (9th Cir. 1944); Price v. Johnston, 144 F.2d 260 (9th Cir. 1944); Wells v. State of California, 234 F.Supp. 467 (D.C.Calif. 1964); United States ex rel. Parker v. Myers, 233 F.Supp. 563 (D.C.Pa.1964).

### APPELLANT WAS TRIED IN THE WRONG DISTRICT.

■ This ground was not raised prior to appellant's § 2255 motion, and therefore was waived. McGuire v. United States, 289 F.2d 405 (9th Cir. 1961).

Appellant contends that while he was tried in the Southern District of California, "the majority of counts" on which he was convicted occurred in the Northern District of California. A reading of the indictment reveals that in all counts in which appellant is named, it is alleged that the unlawful acts charged took place in the Southern District of California. All of the overt acts set out in the conspiracy count are likewise alleged to have taken place in that district.

Section 3237(a), 18 U.S.C.A. as amended, (1958), provides in pertinent part:

> "(a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

### THE SENTENCES IMPOSED CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT.

In his last assignment of error appellant argues that a sentence of forty years imprisonment is cruel and unusual in violation of the ban upon such punishments interposed by the Eighth Amendment to the United States Constitution.

Appellant was found guilty on counts 2, 3, 4, 5, and 6 of the indictment. A twenty year sentence of imprisonment for each of counts 2, 3, 4, and 5, and five years for count 6 was imposed. It was further adjudged that the sentences on counts 2, 3, and 6 run concurrently; that the sentences on counts 4 and 5 run concurrently; and that the total time of imprisonment is forty years.

Appellant emphasizes that he was 54 years of age at the time of sentencing and that he had not previously been convicted of a narcotics violation. He testified at the hearing that he had been convicted of a felony growing out of violation of the liquor laws.

■ Section 174 of 21 U.S.C., the violation of which appellant was charged, prescribes a maximum sentence of twenty years imprisonment in addition to a fine of $20,000 for first offenders and forty years imprisonment in addition to a fine of $20,000 for second or subsequent offenses. As appellant was found guilty on five counts, the sentence was within the maximum prescribed by Congress. That being the case this court has no control over it. Anthony v. United States, 331 F.2d 687 (9th Cir. 1964), [there appellant was sentenced to a cumulative total of forty years imprisonment and a $5,000 fine upon a finding of guilty on two counts of an indictment alleging violation of the narcotics laws]; Lindsey v. United States, 332 F.2d 688 (9th Cir. 1964); Ramirez v. United States, 294 F.2d 277 (9th Cir. 1961).

■ In his reply brief, appellant states that he failed to include in his specifications of error the ground that he was denied *effective* assistance of counsel at the trial. Although no facts to sub-

stantiate this claim are set forth in his briefs, we have examined his argument expressed in his § 2255 motion presented before the District Court and find this point to be without merit.

The order of the District Court denying appellant's motion to vacate and set aside the sentence, judgment, and indictment is affirmed.