Alfred E. MARTINEZ, Appellant,

v.

Walter E. CRAVEN, Warden of Folsom Prison, and Raymond Procunier, California Director of Corrections, Appellees.

No. 22136.

United States Court of Appeals Ninth Circuit.

July 8, 1968.

Alfred E. Martinez, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, James A. Aiello, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before HAMLEY, JERTBERG and CARTER, Circuit Judges.

PER CURIAM:

Appellant is in penal custody of the State of California pursuant to a judgment of conviction imposed by the Superior Court of the State of California, in and for the County of Alameda, following his conviction by a jury of violating Section 11500 of the California Health and Safety Code.

Pursuant to the provisions of 28 U.S.C. § 2242, appellant filed, in forma pauperis, his application for writ of habeas corpus in the United States District Court for the Northern District of California. The petition was denied without hearing. The district court issued a certificate of probable cause and granted appellant permission to appeal to this court in forma pauperis from the order denying his application.

In his application the appellant does not attack the judgment of conviction in the state court, but alleges that an appeal from the judgment of conviction is pending in the District Court of Appeal for the First Appellate District of the State of California, and contends that he should be released from custody because those having custody of him have denied him access to the necessary legal material, such as law books, legal documents, and adequate library facilities needed to enable him to effectively prosecute his appeal in the California courts.

28 U.S.C. § 2254(b) and (c) provide, in substance, that an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner, and that an applicant shall not be deemed to have exhausted the remedies available in the courts of the State if he has the right under the law of the State to raise, by any available procedure, the question presented.

Since, at the time of the filing of the application for the writ, appellant's appeal from his judgment of conviction was pending in the District Court of Appeal for the First Appellate District of the State of California, it clearly appears that appellant had not exhausted the remedies available to him in the courts of the State of California. Accordingly, the district court properly denied the application for the writ.

The order appealed from is affirmed.