Joseph J. **TYNAN**, Appellant,

v.

Frank A. **EYMAN**, Warden, Arizona State Prison, Appellee.

No. 22453.

United States Court of Appeals Ninth Circuit.

June 21, 1968.

Certiorari Denied Nov. 18, 1968.

See 89 S.Ct. 383.

Joseph J. Tynan, in pro. per.

Darrell F. Smith, Atty. Gen., Gary Nelson, Charles S. Pierson, Asst. Attys. Gen., Phoenix, Ariz., for appellee.

Before BARNES, JERTBERG and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant is in state custody serving a prison sentence imposed on April 30, 1956, by the Superior Court of the State of Arizona in and for the County of Maricopa, following conviction by a jury of the charges of rape and assault. No appeal from the judgment of conviction was taken.

The first appearance in this court of this cause was an appeal from an order of the district court denying, without a hearing, appellant's application for a writ of habeas corpus filed in the district court on April 15, 1965. In that application, appellant alleged (1) that he was denied his constitutional right to be represented by court appointed counsel at his preliminary examination; and (2) that perjured testimony procured by the prosecutor was used against him in his jury trial held in the Superior Court —the trial resulting in his conviction.

On the first appeal we vacated the order of the district court denying appellant's application for a writ of habeas corpus, and remanded the cause to the district court for the issuance of an order to show cause on appellee, and for an evidentiary hearing at which time appellant should be present. See Tynan v. Eyman, 371 F.2d 764 (9th Cir. 1967). In that opinion we stated:

> "We are unable to determine from the record before us whether the transcript of the victim's testimony at the preliminary examination was available to appellant's counsel at the third trial, and hence unable to determine whether appellant's lack of counsel at his preliminary examination, viewed in the light of the circumstances disclosed in this opinion, made his preliminary examination a 'critical stage'

in the criminal proceedings against him.

"The determination of such problem, as well as the determination of whether perjured testimony procured by the Prosecutor was used against the appellant, require a remand of this cause to the District Court for the issuance of an order to show cause on appellee, and for an evidentiary hearing at which time appellant should be present."

On remand of the cause to the district court, an order to show cause was issued to appellee and an evidentiary hearing was held. At the hearing appellant was represented by court appointed counsel, who called as witnesses, and who testified, the appellant, and counsel who represented the appellant at the time of his arraignment in the Superior Court, throughout the three trials which were held, and at the time of the imposition of sentence.

Appellee called as witnesses, and who testified, the Deputy District Attorney who represented the State of Arizona in the prosecution of the charges against the appellant throughout the proceedings in the Superior Court; a detective from the Police Department of the City of Phoenix who made the initial investigation of the charges initially made by the prosecutrix against appellant, and who testified as a witness for the prosecution in the third trial resulting in appellant's conviction; the Identification Officer of the Police Department of the City of Phoenix and custodian of the files and records of the police department relating to appellant; and the appellant.

In addition to the testimony of the witnesses, there was received in evidence during the hearing exhibits, consisting of transcripts of all proceedings had in the Superior Court from arraignment to imposition of sentence, including: certified copies of minute entries, copies of Superior Court records, and listed exhibits, certified copy of transcript of testimony taken at appellant's preliminary examination in the Justice Court, copies of Justice Court records relating to ap-

pellant, copies of the reports of the Police Department of the City of Phoenix relating to the investigation of the charges against appellant, and identification records of the Police Department relating to the appellant.

Following the hearing the district judge denied appellant's petition for writ of habeas corpus, finding that appellant's claim that perjured testimony was used against him at his trial was without merit, and that appellant suffered no prejudice because of lack of representation by counsel at the preliminary examination.

In support of his contention that the preliminary examination was a "critical" stage in the criminal proceedings against him, requiring the appointment of counsel to represent him, petitioner alleged in his application for the writ of habeas corpus that he was improperly identified at the preliminary examination; that one of the offenses charged was rape and that he was improperly identified as the assailant by the victim of the alleged assault and rape upon her; that the victim testified at the preliminary examination that her assailant had a three and one-half inch scar on the right side of his face; that he had no scar but, encouraged by the Prosecutor, the victim identified him as her assailant; that a transcript of the preliminary examination was not available, for impeachment purposes, to counsel who represented appellant throughout the Superior Court proceedings in the event the prosecutrix should change her testimony at the trial respecting the presence of the scar on plaintiff's cheek; that at the first and second trials in the Superior Court the prosecutrix reiterated her testimony given at the preliminary examination respecting the scar, but at the third trial, resulting in appellant's conviction, the prosecutrix changed her testimony respecting the scar and stated that she could not remember whether she had testified as to the presence of the scar.

We have examined the reporter's transcript of the proceedings taken at the

preliminary examination. We find the document was filed with the Clerk of the Superior Court on January 16, 1956, in the Superior Court proceedings, and was available to appellant's counsel. We further find, contrary to the assertion and recollection of appellant, that the prosecutrix gave no testimony at the preliminary hearing concerning a scar, and thus the transcript of the testimony of the prosecutrix at the preliminary examination would have been of no value to appellant's counsel for impeachment purposes on that point.

An examination of the transcript of testimony taken at the third trial discloses that the testimony of the prosecutrix at the first and second trials was used for impeachment purposes at the third trial.

■ It is clear to us that in the circumstances of this case, the preliminary examination was not a "critical" stage in the criminal proceedings against appellant, and that he suffered no prejudice because of lack of representation at the preliminary examination.

■ Appellant's contention that perjured testimony, procured by the Prosecutor, was used against him in the third trial was fully explored in the show cause hearing conducted by the district judge. The district judge found such contention without merit, and our examination of the record discloses such finding to be fully supported by the record and cannot be said to be clearly erroneous.

On this appeal, appellant raises other issues for the first time in his notice of appeal and in his brief filed in this court, and which were not presented to, nor considered by, the district court. We need not consider them. Flemings v. Wilson, 365 F.2d 267 (9th Cir. 1966). Nevertheless, we have examined them and in our view none of them, even if proved, manifests a miscarriage of justice which might modify the foregoing rule.

The order appealed from is affirmed.