**Robert John AUSTIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23140.**

United States Court of Appeals
Ninth Circuit.

March 5, 1969.

Rehearing Denied April 30, 1969.

---

under 28 U.S.C. § 2255 without holding an evidentiary hearing.

Appellant was indicted for bank robbery under 18 U.S.C. § 2113(a). Appellant, represented by counsel, entered a plea of guilty to the charge. On May 3, 1965, he was sentenced to a term of ten years, under the provisions of 18 U.S.C. § 4208(a) (2). The court recommended he be considered for parole after serving two years.

His § 2255 petition filed February 17, 1967, set forth three grounds: (1) that he was denied assistance of counsel when taken before the United States Commissioner for arraignment, and waived a preliminary hearing; (2) that he was sentenced erroneously in that the trial court considered prior offenses of which the appellant alleges he was unaware; (3) that he was induced to make a confession and subsequently to plead guilty by agents of the FBI.

On March 3, 1967, the district court denied the petition under 28 U.S.C. § 2255 without an evidentiary hearing. Appellant filed notice of appeal from the order denying him relief. On June 1, 1967, appellant filed a motion to set aside the court's order of March 3, 1967. Since this court had jurisdiction of the appeal from the March 3, 1967 order, the district court denied the motion of June 1, 1967, on the ground that it lacked jurisdiction. The appellant then withdrew his earlier appeal, and requested the court to reconsider its March 3, 1967 order. The district court again reviewed the allegations of the petition and denied relief.

Robert John Austin, in pro. per.

Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, John W. Hornbeck, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

This is an appeal from an order of the district court denying relief on a petition

## LACK OF COUNSEL BEFORE COMMISSIONER

### Waiver of Preliminary Hearing

Appellant alleges in his § 2255 petition, "I did waive that right [to counsel] since I had no funds to retain counsel." We assume for argument that there was no valid waiver of counsel, but this does not end the inquiry.

■ Under the Criminal Justice Act, 18 U.S.C. § 3006A(b), there is a right in

the Federal court to counsel at every stage of the proceedings. However, lack of counsel at proceedings before a commissioner, either on arraignment or preliminary hearing, does not ipso facto constitute a denial of the Sixth Amendment right to counsel. This Court in Marcella v. United States, 344 F.2d 876 (9 Cir. 1965), cert. denied 382 U.S. 1016, 86 S. Ct. 630, 15 L.Ed.2d 531 (1965) stated: " * * * the accused is denied rights afforded him under the sixth amendment when he is subjected to an arraignment or to a preliminary hearing without the assistance of counsel, where events transpired that are likely to prejudice his ensuing trial." This Court in *Marcella* considered Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114 (1961) and White v. Maryland. 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). The arraignment in *Hamilton,* and the preliminary hearing in *White*, was in each case, a "critical" stage in the proceedings. See De Toro v. Pepersack, 332 F.2d 341 (4 Cir. 1964), cert. denied 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181 (1964), (Maryland law) and Tynan v. Eyman, 397 F.2d 53 (9 Cir. 1968), cert. denied 393 U.S. 954, 89 S.Ct. 383, 21 L.Ed.2d 366 (1968).

■ In the case at bar, no events transpired before the commissioner which would have prejudiced appellant had he gone to trial. No admissions were made. No prejudice was shown.

■■ Appellant further claims that his waiver of a preliminary hearing was predicated on advice from an FBI agent, and that his failure to have a preliminary hearing resulted in prejudice to him. There is no constitutional right to a preliminary hearing before a commissioner. Sciortino v. Zampano, 385 F.2d 132, 134 (2 Cir. 1967), cert. denied 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872 (1968). A defendant is deprived of no substantial rights when the government by-passes a preliminary hearing. Woykovsky v. United States, 336 F.2d 803, 806 (9 Cir. 1964), cert. denied 379 U.S. 1004, 85 S.Ct. 728, 13 L.Ed.2d 705 (1965).

■■ The return of an indictment establishes probable cause, and eliminates the need for a preliminary examination. Jaben v. United States, 381 U. S. 214, 220, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965). Accord, Byrnes v. United States, 327 F.2d 825, 834 (9 Cir. 1964), cert. denied 377 U.S. 970, 84 S.Ct. 1652, 12 L.Ed.2d 739 (1964); Sciortino v. Zampano, supra. Since here an indictment was returned against appellant and established probable cause, he had no right to a preliminary examination; therefore, he cannot complain of his involuntary waiver of the proceeding.

## THE SENTENCING

■ Appellant contends that the United States Attorney misstated his criminal record at the time of sentencing. The probation report,[1] which was before the court, shows a conviction for simple assault. The arrest which preceded that conviction, had been for an assault with a deadly weapon and was brought to the court's attention by the Assistant United States Attorney at the sentencing hearing. The true facts were developed. Appellant had been arrested for the felony and was convicted of a misdemeanor. See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) and United States v. Doyle, 348 F.2d 715 (2 Cir. 1965) as to the matters a sentencing court may consider. The court did not err when it considered the nature of the arrest which preceded the prior conviction.

## THE PLEA OF GUILTY

Appellant contends that his plea of guilty was involuntary and induced by promises made by two FBI agents. He alleges that one agent told him he would receive only a one year sentence; also that the second agent told him he could re-roof the agent's house after his release from prison, and thereby get a new

---

1. We order the Record augmented by the filing of the probation report.

start in life after serving the one year sentence.

Appellant alleges that as a result of their promises, he refused to cooperate with his attorney and assured the court when questioned at the time of his guilty plea, that his plea was voluntary and that no promises or threats of any kind had been made to him.[2]

This is an unusual case. The record demonstrates the correctness of the district court's ruling. In his motion under 28 U.S.C. § 2255, appellant admits he committed the offense with which he was charged. He states in his petition:

"The F.B.I. agents knew of the circumstances involved because a week after I had taken the money from the bank I had phoned the F.B.I. office in Los Angeles and was going to turn myself in. I had told the F.B.I. agent I talked to on the phone how I had applied for county aid and was turned down and with no food or money I didn't care what happened to myself so I robbed a bank."

Appellant stated further:

"So that testimony of both Government and defense witnesses would have proven beyond a doubt that petitioner did not use force, violence or intimidation to get the money ($630.00) from Anna K. Munro teller of said National Bank. But in fact said witnesses' testimony would have instead proved that petitioner simply asked teller, Anna K. Munro, *to give him all the tens and twenty dollar bills*. Her reply was (you're kidding) and petitioner said (I'm sorry I'm not) from the tone of the words used by petitioner, and the manner in itself used to get the money from Anna K. Munro, was in no way and could have in no way been considered as (force, violence nor intimidation) (such 3-words being the meat so to speak, of sec. 2113(a) title 18."[3]

2. The interrogation by the court at the time of the guilty plea was as follows:

"THE CLERK: No. 26 on the calendar, 34771-Criminal, United States of America v. Robert John Austin.

"Mr. Bradford.

"Robert John Austin, is that your true name?

"DEFENDANT AUSTIN: Yes, it is.

"THE CLERK: Mr. Austin, you are informed that an indictment has been filed against you charging you with violating the laws of the United States. You have been handed a copy of the indictment; is that correct?

"DEFENDANT AUSTIN: Yes.

"THE CLERK: You are further informed that you are entitled to have a trial by jury and you are entitled to have the assistance of an attorney, you are entitled to have witnesses called to testify in your defense.

"Is the defendant ready to enter a plea, Mr. Bradford?

"MR. BRADFORD: Yes, sir, he is.

"THE CLERK: Does he waive further reading of the indictment?

"MR. BRADFORD: Yes, sir.

"THE CLERK: It is a one-count indictment. I will ask the defendant, how do you plead to the charges, guilty or not guilty?

"DEFENDANT AUSTIN: Guilty.

"THE COURT: Have you discussed this matter with your attorney?

"DEFENDANT AUSTIN: Yes, I have.

"THE COURT: Has he informed you of the nature of the offense with which you are charged, or at least are you aware of the nature of the offense with which you are charged?

"DEFENDANT AUSTIN: Yes, I am.

"THE COURT: Are you also aware of the maximum penalty which can be imposed against you?

"DEFENDANT AUSTIN: Yes, I am.

"THE COURT: Is this plea of yours your own free and voluntary act?

"DEFENDANT AUSTIN: Yes.

"THE COURT: And is it made here without any promise or threat or coercion of any kind?

"DEFENDANT AUSTIN: Yes, it is.

"THE COURT: I take it you have entered this plea because you are in fact guilty as charged in the indictment.

"DEFENDANT AUSTIN: Yes.

"THE COURT: The matter will be referred to the probation office for investigation and report, and a hearing upon the report and the time for sentence will be set for 2:00 o'clock, May 3rd, in this court.

"MR. BRADFORD: Thank you, your Honor. (Hearing concluded.)"

3. 18 U.S.C. § 2113(a) covers the situation where no gun is used, and carries a penalty of fine of not more than $5000 and imprisonment of not more than 20

In his brief, appellant states that on the day of his arrest, and after a Sergeant of the Los Angeles Police Department had warned him of his rights (and before the alleged promises of the FBI agents), "I told agent Tuggy I had robbed the bank."

In the probation report, appears the following: *"Defendant's statement.* Defendant states he was under financial pressure and became discouraged. He related that he decided he would steal and, if necessary, pay the consequences, rather than to see his children go without food." Later there appears the following: "Mr. Austin states that he did have several hundred dollars worth of bill [sic] previous to the instant offense. After robbing the bank of $630.00, he proceeded to pay his creditors with the bulk of this money."

In Sanders v. United States, 373 U.S. 1, 21, 83 S.Ct. 1068, 1080, 10 L.Ed.2d 148 (1962) the Court stated " * * * we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing." In Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), the Court stated:

> "What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. *The language of the statute does not strip the district courts of all discretion to exercise their common sense.* Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.[4] (emphasis added).

If there ever was a case where the trial court might use its discretion in determining whether to afford a convicted defendant an evidentiary hearing, this is that case.

The appellant admits the following: (1) Shortly following the robbery, and prior to apprehension, and without any governmental coercion or influence of any kind, he voluntarily called the FBI and told them he had robbed the bank; (2) On the date of his arrest after being warned of his rights, and *before* the alleged promises by the FBI agents, he told an FBI agent he robbed the bank; (3) At the time of his plea of guilty, he assured the court that his plea was free and voluntary, and that no promises or threats had been made; (4) He admitted the robbery to the probation officer; (5) He made no claim of promises at the time of sentencing; (6) In his § 2255 petition, he set forth how he committed the bank robbery, and in substance all the elements of the offense.

*Sanders,* supra, calls attention to the expense and risk of returning prisoners for § 2255 hearings.

■ Had a hearing been held, and the agents of the FBI had admitted the alleged promises (which is unlikely), any trial court on this record would have found that the motivating cause of appellant's guilty plea was his commission of the crime, his conduct thereafter and his confession of the crime on arrest, and not the alleged promises. By the time of the alleged promises, he was in too deep for any promise to mean anything.

■ The function of the § 2255 hearing is to protect a defendant's constitutional rights and to afford relief if violation is shown. Nevertheless, the law does not contemplate an exercise in futility. See Jones v. United States, 290 F.2d 216, 217 (10 Cir. 1961).

---

years. 18 U.S.C. § 2113(d) includes the additional element of assault or putting life in jeopardy "by the use of a dangerous weapon or device" and provides a penalty of a fine up to $10,000 and imprisonment of not more than 25 years.

"4. Section 2255 of Title 28, United States Code, 28 U.S.C.A. § 2255, also provides, in part: 'A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.'"

On the facts of the case the judge properly exercised his discretion and denied the motion without a hearing.

Judgment affirmed.

MERRILL, Circuit Judge (dissenting):

I dissent and would remand for a hearing limited to appellant's claim with respect to an induced plea of guilty. In my judgment his claim of inducement has substance.

The majority, in denying hearing, does not accept the truth of appellant's factual assertions; nor does it recognize a factual dispute to exist with respect to them. It finds appellant's claim of inducement to be insubstantial for the reason that as matter of law it cannot be taken to be true since his admissions and confessions provide the obvious motivating cause for his plea beyond reasonable dispute.

In support of its position the majority asserts that appellant has, apart from his plea, freely admitted that he committed the offense charged. This, I think, goes too far. He has admitted taking the money—an offense under § 2113(b)—and has characterized it as "robbing" a bank. He has not, however (aside from the concessions he says he was induced to make), admitted force, violence or intimidation, to bring the offense within § 2113(a) at double the penalty.[1] His position in this respect is made clear by his petition, quoted in part in the majority's opinion.

Assuming that one who has confessed to a crime is beyond plea inducement (as to which I retain serious doubts and reserve judgment), I do not find that to be the situation here. In my view the fact that one has freely admitted the elements of a lesser offense does not, standing alone, provide the motive for a plea of guilty to a greater offense beyond all reasonable dispute.

I conclude that a substantial factual dispute remains to be resolved.

---

1. "§ 2113.  Bank robbery and incidental crimes

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or  any savings and loan association;

\*  \*  \*  \*  \*

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both."