**Benjamin Jerrel BROWN, Petitioner-Appellant,**

v.

**Walter E. CRAVEN, Warden, Respondent-Appellee.**

**No. 23812.**

United States Court of Appeals, Ninth Circuit.

Feb. 17, 1971.

————◆————

Fernando V. Hernandez (argued), San Jose, Cal., for petitioner appellant.

John T. Murphy (argued), Deputy Atty. Gen., Evelle J. Younger, Atty. Gen., Albert W. Harris, Jr., Asst. Atty. Gen., San Francisco, Cal., for respondent appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

Petitioner was convicted of grand theft in Superior Court of the State of California for San Francisco County. The federal district court dismissed his petition for habeas corpus without an evidentiary hearing. He appealed.

As indicated by respondent, this petition was premature since it was processed while petitioner's direct appeal was still pending in the California District Court of Appeal. Martinez v. Craven, 397 F.2d 256 (9th Cir. 1968). The District Court of Appeal affirmed petitioner's conviction while this appeal was

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

pending before us, but so far as appears, petitioner has not sought review by the California Supreme Court. Moreover, although petitioner stated in a document submitted to the court below that he had filed a petition for habeas corpus in the California Supreme Court, the precise questions raised are not disclosed, and, in any event, the denial was in all probability not on the merits but on the ground that the petition was premature. Witkin, California Criminal Procedure, § 796 at 768 (1963).

To avoid further delay, however, we have considered those issues decided on the merits by the federal district court.

■ ■ Several of petitioner's claims rest ultimately upon the premise that he was denied the right to counsel at preliminary examination. The district court rejected these claims on the basis of Wilson v. Harris, 351 F.2d 840 (9th Cir. 1965). There, we held that the California preliminary examination was not in and of itself a critical stage of a criminal proceeding, and therefore the burden rested upon the petitioner to allege and prove that in his particular case failure to appoint counsel resulted in a likelihood of prejudice in later proceedings. In this case, petitioner failed to allege facts indicating such a likelihood of prejudice though repeatedly invited to do so by the district court.

Subsequent to the decision below, the Supreme Court held in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L. Ed.2d 387 (1970), that the Alabama preliminary examination was a critical stage of the criminal process in Alabama. Assuming arguendo that the Alabama and California preliminary examinations do not differ significantly, Coleman v. Alabama nonetheless would be of no aid to petitioner for it is to be applied only prospectively. Olsen v. Ellsworth, 438 F.2d 630 (9th Cir. 1971).

■ We agree with the district court that no federal constitutional question is raised by petitioner's bare allegation that he was denied bail pending appeal.

Affirmed.