Wesley Robert **WELLS**, Plaintiff-Appellant,

v.

Louis S. **NELSON**, Defendant-Appellee.

No. 26872.

United States Court of Appeals, Ninth Circuit.

Aug. 9, 1971.

Rehearing Denied Sept. 22, 1971.

set forth. He did not participate in the rendition of this original opinion, see 28 U.S.C., § 46(d).

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., for plaintiff-appellant.

Evelle J. Younger, Atty. Gen., San Francisco, Cal., for defendant-appellee.

Before DUNIWAY, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

On this appeal from an order denying him a writ of habeas corpus, Wells makes several assignments of error, all of which have been considered and found to be without merit. We affirm.

Two of appellant's contentions warrant discussion: (1) that he was denied counsel at a preliminary hearing in 1944 before a magistrate, and (2) that he was not advised at the trial of his privilege against self-incrimination.

Wells, then a prisoner in a California state prison, was charged with possession of a knife by a prison inmate, a violation of the state penal code. At a preliminary hearing, he was not represented by counsel, was bound over for trial, and an attorney was appointed and represented him at arraignment in the superior court. Three days before trial, appellant requested removal of his counsel, the request was granted and he had other counsel at the start of trial.

Contending that lack of counsel at the preliminary hearing was prejudicial, appellant relies on Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L. Ed.2d 387 (1970), in which the Court held that an accused is entitled to representation by counsel at a preliminary hearing which constitutes a "critical stage" of the proceedings. This circuit has concluded that the rule of *Coleman* is to be applied prospectively only. Brown v. Craven, 438 F.2d 334 (9th Cir. 1971); Olsen v. Ellsworth, 438 F.2d 630 (9th Cir. 1971).

When appellant took the stand in his own behalf at trial, he had already discharged his retained counsel. The trial judge did not advise him of his privilege against self-incrimination

which, said the California Court of Appeals, was error but not prejudicial. The court stated that:

"Aside from the revelation of minor details, Wells' own testimony simply reiterated a story well known to the jury. It added nothing new to the proof of guilt, seeking only the limited objective of fortifying the self-defense claim, a claim which was ineffectual as a matter of law. Beyond any reasonable doubt, the verdict would have been the same had Wells been warned by the court and had he refrained from taking the stand. The error was harmless." People v. Wells, 261 Cal. App.2d 468, 477, 68 Cal.Rptr. 400, 409 (1968).

We agree. Chapman v. California, 386 U.S. 18, 22–24, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967).

The decision of the district court is affirmed.