**Thomas A. EISENTRAGER, Petitioner-Appellant,**

v.

**Carl HOCKER, as Warden, Nevada State Prison, Respondent-Appellee.**

**No. 26254.**

United States Court of Appeals,
Ninth Circuit.

Oct. 21, 1971.

Ely, Circuit Judge, dissented and filed opinion.

Thomas A. Eisentrager, in pro per.

Harvey Dickerson, Atty. Gen. of Nev., Carson City, Nev., for respondent-appellee.

Before DUNIWAY, ELY and HUFSTEDLER, Circuit Judges.

DUNIWAY, Circuit Judge:

Eisentrager appeals from the denial of his petition for a writ of habeas corpus. He was convicted of murder in the State of Nevada, and the facts of the case are stated in the opinion of the Supreme Court of Nevada affirming his conviction. Eisentrager v. State, 1963, 79 Nev. 38, 378 P.2d 526. We affirm.

This is Eisentrager's third petition to the District Court for a writ of habeas corpus. In the first, which he filed on May 27, 1964, the only facts stated are: "(a) Unlawful search and seizure of evidence. (b) Failure to provide petitioner with counsel at preliminary hearing, or advise him of his rights to counsel at said hearing." The District Judge denied the petition, referring to the decision of the Supreme Court of Nevada, and holding that the petition was "patently without merit." Eisentrager did not appeal.

In his second petition, filed January 9, 1967, Eisentrager relied solely upon unlawful search and seizure of evidence used against him. He stated the facts on which he relied substantially as they are stated by the Supreme Court of Nevada in its opinion. The District Judge, in a brief opinion which assumed the accuracy of the facts stated, held that there was no unlawful search and seizure and denied the writ. Again Eisentrager did not appeal.

The present case began with the filing of Eisentrager's third petition on May 28, 1970. Although Eisentrager states the facts of the search and seizure in more detail, he does not raise questions such as to require a hearing. We summarize the material portion of the factual recital:

On May 5, 1959, Eisentrager and his wife occupied a rented apartment. On that day, the landlady approached Eisentrager and asked to speak to his wife. He replied that she was not then at home. The next day, Eisentrager being absent, the landlady and a friend entered the apartment, examined it, and left. On May 7, Eisentrager again being absent, the landlady and her friend entered the apartment and found the wife's body in a closet, hidden under a blanket. The police were called, and they sealed the apartment, and made a thorough search of the apartment. The police returned for further search and examination of the premises on May 8 and again on May 9. On each occasion, various items of evidence were found that were later admitted in evidence at Eisentrager's trial. A search warrant was never obtained. The recitals in the third petition are somewhat more detailed than those in the second, but we find no material difference between them.

As to the search and seizure, the District Judge denied the petition because "[t]he petition presents the same ground as a ground which was rejected on the merits in an earlier petition, and the ends of justice would not be served by entertaining this petition. See Sanders v. United States, 373 U.S. 1 [83 S. Ct. 1068, 10 L.Ed.2d 148] (1963)." We think that it would be proper to affirm on that ground.

However, the Attorney General of Nevada has argued the question on the merits and we therefore pass to the merits. In doing so, we assume the truth of all of Eisentrager's factual allegations, including his claim that his tenancy was in effect on May 5, May 6, and May 7, so that the landlady's entries were trespasses.

When the landlady discovered the corpse, she immediately had probable cause to believe that a felony had been committed, and it became her duty, as a good citizen, to call the police. Moreover, the presence of the hidden corpse was the strongest possible evidence to lead her to believe that Eisentrager had abandoned the apartment, regardless of what personal effects he may have left

behind. *Cf.* Abel v. United States, 1960, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; United States v. Kress, 9 Cir., 1971, 446 F.2d 358; Duran v. United States, 9 Cir., 1969, 413 F.2d 596. At that point the landlady, as owner, had a right to take possession of the apartment, and to invite the police to enter and search. Thus no rights of Eisentrager were invaded by the police.

■ Whatever evidence the landlady found before the police were called was admissible against Eisentrager. Evidence of crime, found by a private party while trespassing on private property, is not excludible under the Fourth Amendment, because it was not discovered by officers of the government. The exclusionary rule is directed at police misconduct, not at that of private persons. Burdeau v. McDowell, 1921, 256 U.S. 465, 475, 41 S.Ct. 574, 65 L.Ed. 1048; Barnes v. United States, 5 Cir., 1967, 373 F.2d 517; Duran v. United States, *supra.* We decline to hold that, in order to protect Eisentrager's privacy, the landlady should have dragged the body outside the apartment to turn it over to the police, and then demanded a search warrant before letting the police into the apartment.

■ As to the preliminary hearing, Eisentrager relies primarily upon Coleman v. Alabama, 1970, 399 U.S. 1, 90 S. Ct. 1999, 26 L.Ed.2d 387. We have held, however, that *Coleman* is not retroactive. Vizzard v. Procunier, 9 Cir., 1971, 439 F.2d 94; Brown v. Craven, 9 Cir., 1971, 438 F.2d 334; Olsen v. Ellsworth, 9 Cir., 1971, 438 F.2d 630. We find nothing in the Nevada statutes dealing with preliminary hearings that would warrant holding that, under pre-*Coleman* standards, a Nevada preliminary hearing is *per se* a critical stage in the proceedings. Nor does Eisentrager's petition point to anything that actually happened at his preliminary hearing that was so prejudicial as to make that hearing "critical." Compare Austin v. United States, 9 Cir., 1969, 408 F.2d 808; Tynan v. Eyman, 9 Cir., 1968, 397 F.2d 53; Allen v. Wilson, 9 Cir., 1966, 365 F.2d 881; Chester v. People, 9 Cir., 1966, 355 F.2d 778; Wilson v. Harris, 9 Cir., 1965, 351 F.2d 840; Marcella v. United States, 9 Cir., 1965, 344 F.2d 876.

Affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent. Eisentrager has thrice sought an evidentiary hearing in the District Court. He has proceeded without the assistance of counsel, and I can see that his first two petitions were so inadequate as to justify their summary dismissal. The third, however, contains detailed allegations which, in my view, adequately raise serious claims of constitutional dimensions. The majority discusses only two, the alleged denial to Eisentrager of counsel during a critical stage of the Nevada proceeding and alleged unlawful searches and seizures by Nevada officers. There is, too, the suggested possibility that Eisentrager was impermissibly deprived of his right to a speedy trial.

Eisentrager's third petition was filed on May 28, 1970, and summarily denied by the District Court on the same day. A federal court may not, in habeas proceedings, defer to the conclusions of law of a state court (Brown v. Allen, 344 U. S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953)), and it may not rely on state court factual determinations absent its own independent review of the state court record. Selz v. California, 423 F. 2d 702, 703 (9th Cir. 1970); *cf.* Linden v. Dickson, 287 F.2d 55 (9th Cir. 1961). Insofar as I can ascertain, there was no state court evidentiary record before the District Court when it summarily made the order of dismissal that is now challenged.

I am not satisfied that Eisentrager has ever been afforded the full consideration required by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); hence, I would vacate the order of dismissal and remand the cause with the suggestion that competent counsel be appointed to assist Eisentrager in the District Court. This would more nearly

assure the full and careful exploration of all significant factual and legal issues, especially those relating to the searches and seizures claimed to have been illegal.