94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest Lee MALONE, Petitioner-Appellant,
v.
Jerry STEINER, Warden, Attorney General of State of
California, Respondents-Appellees.
 No. 95-17158.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1996.*
Decided Aug. 7, 1996.
 
 1
 Before: O'SCANNLAIN and LEAVY, Circuit Judges; MOSKOWITZ,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ernest Lee Malone ("Malone") was convicted on April 20, 1983 in the California Superior Court for Tulare County of two counts of robbery, one count of burglary and one count of felony murder. At the conclusion of a bench trial the court found that Malone had participated in the robbery of Mr. and Mrs. Fried during the course of which Malone's half-brother, Cecil Howard, murdered Mr. Fried. Malone appeals the district court's denial of his petition for a writ of habeas corpus and the denial of his request for an evidentiary hearing. Malone contends that his due process rights were violated because he was convicted on the basis of false testimony. Specifically, he argues that the district court erred by not granting an evidentiary hearing to explore the credibility of a recantation offered by a witness who testified against him at trial.
 
 
 4
 The witness who testified against Malone and later recanted was Denise Devine ("Devine"), Malone's girlfriend. At Malone's trial, Devine provided testimony that connected Malone with Mrs. Fried's purse and the money which had been taken in the robbery. More than two years after Malone was convicted and sentenced, Devine produced two declarations which stated that she had falsified her testimony at Malone's trial.
 
 
 5
 The state did not hold a hearing regarding the veracity of the recantations. Malone petitioned the District Court for the Eastern District of California for a writ of habeas corpus and requested an evidentiary hearing to establish that Devine's recantation was true and that the police had forced her to testify falsely at his trial. The district court denied Malone's request for an evidentiary hearing and denied the petition for a writ of habeas corpus based on the fact that even if the perjured testimony had not been presented at trial, Malone probably would not have been acquitted.
 
 
 6
 The district court's decision to deny a petition for a writ of habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc ), cert. denied, 507 U.S. 1019 (1993); Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). To the extent it is necessary to review findings of fact, the clearly erroneous standard applies. Norris, 878 F.2d at 1180. The court reviews the district court's decision not to hold an evidentiary hearing for abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991); see Knaubert v. Goldsmith, 791 F.2d 722, 727 (9th Cir.), cert. denied, 479 U.S. 867 (1986) (decision to hold evidentiary hearing is within court's discretion unless one of six mandatory circumstances exists). A court abuses its discretion when it bases its decision on an erroneous legal conclusion or on a clearly erroneous finding of fact. Campell v. Blodgett, 997 F.2d 512, 517 (9th Cir.1992), cert. denied, --- U.S. ----, 114 S.Ct. 2125 (1994).
 
 DISCUSSION
 
 7
 The district court must hold an evidentiary hearing only if (1) the petitioner's allegations, if proven, would establish the right to relief and (2) he did not receive a full and fair evidentiary hearing in state court. Townsend v. Sain, 372 U.S. 293, 312 (1963), overruled on other grounds, Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991); Norris, 878 F.2d at 1180. In this case, no state court ever held an evidentiary hearing regarding the credibility of Devine's recantation. Unless Malone fails in the first prong of the test, he should be granted an evidentiary hearing. Therefore, the district court had to hold an evidentiary hearing only if it concluded that if Devine's trial testimony was false, petitioner would be entitled to relief. The district court found that even without Devine's trial testimony, Malone probably would not have been acquitted.
 
 A. Knowing Use of False Testimony
 
 8
 A violation of a defendant's rights occurs if the government knowingly uses false evidence. Giglio v. United States, 405 U.S. 150, 153-54 (1971); Napue v. Illinois, 360 U.S. 264, 269 (1959); Stockton v. Commonwealth of Virginia, 852 F.2d 740, 749 (4th Cir.1988), cert. denied, 489 U.S. 1071 (1989); Williams v. Griswald, 743 F.2d 1533, 1541 (11th Cir.1984); Thompson v. Garrison, 516 F.2d 986, 988 (4th Cir.), cert. denied, 423 U.S. 933 (1975); see also Marcella v. United States, 344 F.2d 876, 880 (9th Cir.1965), cert. denied, 382 U.S. 1016 (1966) (in context of motion under 28 U.S.C. § 2255, this court held that the existence of perjurious testimony will not merit relief unless the prosecuting officials knew that it was perjured). Malone contends that Devine was subject to unlawful threats and police misconduct which forced her to testify falsely. Thus, Malone asserts that a constitutional violation has occurred and that he is entitled to an evidentiary hearing to determine whether Devine's present testimony relating to the alleged recantation is truthful. However, we find that even if Devine's declaration is true, no evidence has been presented that would establish that she was pressured to testify falsely or that either the police or the prosecutor knew that Devine was lying at the time she testified. Thus, Malone is not entitled to relief based on the grounds that the government was guilty of misconduct or knowingly used false testimony at Malone's trial.
 
 B. Recantation Of Trial Testimony
 
 9
 Generally, the "existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Townsend, 372 U.S. at 317. The newly discovered evidence must bear upon the constitutionality of the habeas applicant's detention. Id.; see Herrera v. Collins, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based upon newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Therefore, in most cases, the recantation of trial testimony, in and of itself, does not merit habeas relief. See Stockton, 852 F.2d at 749 (recantation of testimony alone is insufficient to set aside a conviction on due process grounds); Anderson v. Maggio, 555 F.2d 447, 451 (5th Cir.1977) (recantation of trial testimony, without more, not subject to collateral attack by habeas corpus). But see Sanders v. Sullivan, 863 F.2d 218, 222-26 (2nd Cir.1988) (holding that perjured testimony will trigger a due process violation); Burks v. Egeler, 512 F.2d 221, 226 (6th Cir.), cert. denied, 423 U.S. 937 (1975). The issue of whether recanted trial testimony alone constitutes a ground for relief on federal habeas corpus has not been addressed by this court. See Hankison v. Board of Prison Terms, 768 F.Supp. 720, 724 (C.D.Cal.1991) ("... it appears uncertain whether courts within the Ninth Circuit may grant habeas relief based on newly discovered evidence relevant solely to the guilt of a state prisoner."). However, it is not necessary to reach this issue in this case because Malone has not established that Devine's recantation, even if it were found to be true, would entitle him to federal habeas corpus relief under the standard set forth in this circuit regarding newly discovered evidence.
 
 
 10
 In Quigg v. Crist, 616 F.2d 1107, 1112 (9th Cir.), cert. denied, 449 U.S. 922 (1980), we stated that: "[n]ewly discovered evidence warrants federal habeas relief if it would 'probably produce an acquittal.' " See also Gordon v. Duran, 895 F.2d 610, 614-15 (9th Cir.1990). Malone contends that if the recanted testimony had not been presented at trial he would probably have been acquitted.[1] However, an examination of the trial court's findings, rationale and verdict reveals an abundance of circumstantial evidence, other than Devine's testimony, upon which the court relied in determining that Malone was guilty beyond a reasonable doubt.
 
 
 11
 For example, Malone's own testimony put him in front of the victims' house at the time of the robbery and murder. The police found Mrs. Fried's purse in Devine's house where Malone had been staying. The victim's credit cards were found in a dumpster outside of Devine's house. Another witness, Vance McKinney, testified that on the night Mr. Fried was killed, Malone was "flashing" money and had told him that he had done a "hustle" (slang for a robbery or burglary). The day after the robbery and murder, Malone made several purchases with Devine at stores in Tulare. Additionally, the day after the robbery, Malone stole McKinney's car and left for Pamona. After Malone was arrested in Pamona, he admitted to investigators that he had brought the victim's purse into Devine's house. He too later recanted this statement but the trial judge found the recantation lacked credibility. Finally, Malone wrote letters to Devine while he was in prison suggesting that she change her statement that he had brought the purse into her house. Malone contends that Devine's testimony was the key evidence that placed him in the house and connected him to the victims' possessions.[2] However, Malone's own statement to investigators established that he did bring the purse into Devine's house and, as set forth above, other evidence also connected him to the crime.
 
 
 12
 In Sanders v. Sullivan, the Second Circuit, in fixing the appropriate standard for habeas relief on the basis of recanted testimony, held that relief is appropriate only if the court is left "with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted." Sanders, 863 F.2d at 226 (emphasis added). We have reviewed de novo the district court's conclusion that Malone probably would not have been acquitted even if the perjured testimony had not been admitted at trial and do not find it to be erroneous. Therefore, the district judge did not abuse his discretion by denying Malone's request for an evidentiary hearing. The petition for a writ of habeas corpus was properly denied.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Whether the court is required to make its determination by excluding the recanted testimony as Malone contends or by considering the effects of the recantation being presented as "new" evidence at a new trial is unclear. However, in this case, the court finds that under either analysis Malone would probably not have been acquitted
 
 
 [2]
 At trial Devine testified that Malone had told her that he had found a wallet "in the house" and that "[Cecil Howard] had picked up the wallet and looked through it and threw it down and he [Malone] picked it up, [and] found the money in the wallet." Supplemental Excerpt of Record, Ex. 3 at 708-709