**Walter Wayne HOWARD, Petitioner-Appellant,**

v.

**Hoyt C. CUPP, Superintendent, Oregon State Penitentiary, Respondent-Appellee.**

**No. 83–4195.**

United States Court of Appeals, Ninth Circuit.

Submitted July 2, 1984.

Decided Sept. 25, 1984.

Stephen R. Sady, Federal Public Defender, Portland, Or., for petitioner-appellant.

Dave Hattrick, Deputy Dist. Atty., Portland, Or., for respondent-appellee.

Before KILKENNY, SNEED, and NORRIS, Circuit Judges.

PER CURIAM:

In Oregon, felony criminal charges can be filed in either one of two ways. The state may file an information and conduct a preliminary hearing or the state may obtain an indictment from a grand jury. This petitioner was indicted by a grand jury and subsequently convicted of rape. He then filed this habeas petition which was denied by the district court, asserting that the Oregon system of filing criminal charges violates the equal protection clause. Petitioner apparently objects to the fact that only some defendants receive the benefit of a preliminary hearing.

It is well settled, however, that there is no fundamental right to a preliminary hearing. *Austin v. United States*, 408 F.2d 808 (9th Cir.1969). Accordingly, Oregon's system of filing criminal charges must be upheld if it meets the "rational relationship" test.

We held that the Oregon system has an ample basis in reason because there are some cases in which the secrecy of grand jury proceedings can be a decided

advantage. For example, in cases where witnesses have been threatened, their safety can be enhanced by bringing them to a grand jury to testify. Further, in a rape case like this one, the secrecy of grand jury proceedings spares the victim some of the trauma that might ensue from testifying in open court. We therefore affirm the district court's denial of the habeas petition.

AFFIRMED.*

Beezer, Circuit Judge, filed dissenting opinion.

---

* We also agree with the district court that, although the line-up procedures used by the police were unduly suggestive, the eyewitness identification of the defendant during the trial in state court featured sufficient indicia of reliability to assure us that the suggestive procedures did not create a substantial likelihood of irreparable misidentification. The identifications were thus admissible under the standard set forth in *Manson v. Brathwaite*, 432 U.S. 98, 113–14, 97 S.Ct. 2243, 2252–53, 53 L.Ed.2d 140 (1977).