70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred Leon JONES, Petitioner-Appellant,
v.
George HERMAN, Respondent-Appellee.
 No. 94-16059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona prisoner, Alfred Leon Jones, appeals pro se the denial of his habeas corpus petition brought under 28 U.S.C. Sec. 2254 challenging his 1985 jury convictions for aggravated assault, sexual abuse, kidnapping, and two counts of sexual assault. We previously remanded this matter to the district court for its consideration of four of Jones's claims. Jones contends that: 1) the prosecution failed to furnish the district court with a trial transcript; 2) the prosecution improperly stopped the preliminary hearing and proceeded to a grand jury proceeding; 3) the evidence at trial was insufficient to sustain Jones's convictions; and 4) Jones's sentences were improperly enhanced.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 I.
 Furnishing of the Trial Transcript
 
 3
 Jones claims that the prosecution failed to furnish the district court with the trial transcripts. This allegation is incorrect. The complete trial court record was filed in the district court on July 28, 1993.
 
 II.
 
 4
 Inadequate and Incomplete Preliminary Hearing
 
 
 5
 Jones claims that because the district court abandoned the preliminary hearing and began a grand jury proceeding, he was denied due process. It is well settled that there is no fundamental right to a preliminary hearing. Howard v. Cupp, 747 F.2d 510, 510 (9th Cir.1984), cert. denied, 471 U.S. 1021 (1985). In Arizona, a grand jury is empowered to make a probable cause determination. See State v. Kamin, 725 P.2d 1104, 1105 (Ariz.1986). In order to make out a due process violation, the petitioner must demonstrate that the acts complained of prevented a fair trial. Id. (citing United States v. Valenzuela-Bernal, 458 U.S. 858, 872 (1982)). Because the grand jury made a probable cause determination, the lack of a preliminary hearing would have no bearing on the fairness of the trial. Therefore, Jones has not stated a claim cognizable in a Sec. 2254 habeas corpus petition.
 
 III.
 Sufficiency of the Evidence
 
 6
 Jones claims that the evidence was insufficient to support his convictions because one of the two victims identified a juror, and not Jones, as her assailant during an in-court identification.
 
 
 7
 Sufficient evidence supports a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 8
 The first victim, Rose Marie Lister, testified that she was sexually molested while sleeping in her boyfriend's, Skip's, bed. Lister awoke and found Jones, who had been drinking vodka with Skip, fondling her breasts and penetrating her vagina with his finger. Lister stated that she mistakenly thought the person in her bed was Skip until she noticed that this person had a different haircut. She immediately stopped Jones's contact, jumped out of the bed and made Jones leave Skip's apartment.
 
 
 9
 The second victim, Mary Von Atzingen, was in the parking lot when Jones left Skip's apartment. Atzingen stated that a black man walked by her and that "the next thing I [k]now, his left hand was around my mouth, and his right hand was up by my throat." Jones, who held a knife to Atzingen, led her to an area behind the apartment complex and repeatedly penetrated her vagina with his penis. Jones then left Atzingen and walked around the building. Two police cars, responding to a report of sexual assault, entered the apartment complex. Atzingen, who saw Jones sitting down by a fence, directed the police to where Jones sat. Atzingen identified Jones as her assailant in front of the police and later at the preliminary hearing. As Jones was being held in custody at the apartment complex, Lister came out of Skip's apartment and identified Jones as her assailant. At the trial, Lister again identified Jones as her assailant.
 
 
 10
 Despite Atzingen's identification of a juror, and not Jones, as her possible assailant at trial, it was reasonable for the jury to accept her explanation that Jones's appearance at trial had changed because of his beard, moustache and different hairstyle. A rational jury could conclude that Jones was the assailant of both Lister and Atzingen. Therefore, the evidence was sufficient to support his convictions. See Bishop, 959 F.2d at 829; Jackson, 443 U.S. at 319.
 
 IV.
 Enhancement of the Sentences
 
 11
 Jones claims that the Arizona state court erred by using a felony conviction more than 10 years old as an aggravating circumstance at his sentencing. Sentencing claims are normally questions of state law which do not present federal constitutional issues. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). Additionally, the Arizona Court of Appeals upheld the enhancement of the instant sentences because other aggravating circumstances justified the sentences. See McSherry v. Block, 880 F.2d 1049, 1052-53 (9th Cir.1989) (court of appeals bound by a state court's interpretation of state law unless obvious subterfuge to evade consideration of federal issue present). Because Jones challenges only errors in the application of state law and does not allege conduct so fundamentally unfair as to constitute a due process violation, he does not state claims cognizable in a Sec. 2254 habeas corpus petition. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the district court, Jones's habeas petition contained a claim of ineffective assistance of counsel. However, because Jones did not raise this claim in his opening brief, we need not consider this claim on appeal. See United States v. Montoya, 45 F.3d 1286, 1300 (9th Cir.), cert. denied, 116 S.Ct. 67 (1995)