**Charles Edward NERO, Jr., Petitioner,**

**v.**

**K. ALLISON, Respondent.**

**Case No. CV 10–1103–SVW (PJW).**

United States District Court,
C.D. California.

Nov. 3, 2010.

---

Charles Edward Nero, Jr., Corcoran, CA, pro se.

Blythe J. Leszkay, CAAG–Office of the Attorney General, Los Angeles, CA, for Respondent.

ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY

STEPHEN V. WILSON, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of United States Magistrate Judge and has considered *de novo* the portions of the Report as to which objections have been filed. The Court accepts the Magistrate Judge's Report and adopts it as its own findings and conclusions.

Further, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right and, therefore, a certificate of appealability should not issue in this action. *See* 28 U.S.C. § 2253(c)(2); Fed. R.App. P. 22(b); *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

JUDGMENT

Pursuant to the Order Adopting Findings, Conclusions, and Recommendations of United States Magistrate Judge.

IT IS ADJUDGED that the Petition is denied and this action is dismissed with prejudice.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

PATRICK J. WALSH, United States Magistrate Judge.

This Report and Recommendation is submitted to the Hon. Stephen V. Wilson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that the Petition be denied and the action be dismissed with prejudice.

I.

SUMMARY OF PROCEEDINGS

A. *State Court Proceedings*

In 2008, a jury in Los Angeles County Superior Court found Petitioner guilty of selling cocaine base. (Clerk's Transcript ("CT") 598–99.) The court sentenced him to 12 years in prison. (CT 646–47.)

Petitioner appealed to the California Court of Appeal, which affirmed the judgment in a written decision. (Lodged Document Nos. 3–6.) He then filed a petition for review in the California Supreme Court, which was summarily denied. (Lodged Document Nos. 7–8.) Petitioner also filed multiple habeas corpus petitions in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court, all of which were denied. (Lodged Document Nos. 9–24.)

B. *Federal Court Proceedings*

On February 16, 2010, Petitioner, proceeding pro se, filed a habeas corpus peti-

tion in this court, pursuant to 28 U.S.C. § 2254, claiming that his constitutional right to self-representation was violated when he was not allowed to represent himself at the preliminary hearing. (Petition at 5 and attached Memorandum of Points and Authorities.)

## II.

## STATEMENT OF FACTS

After Petitioner was charged with selling cocaine base, he was appointed counsel. On the day of his scheduled preliminary hearing, Petitioner moved to represent himself. (Petition, Exh. 1 at 2–5.) The trial court denied the request because it was untimely. (Petition, Exh. 1 at 2–9; CT 3–65.) At his next court appearance, Petitioner again moved to represent himself and the court granted the motion. (Reporter's Transcript ("RT") A1–A8; CT 74, 514.)

## III.

## STANDARD OF REVIEW

The standard of review in this case is set forth in 28 U.S.C. § 2254:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves facts that are materially indistinguishable. *Brown v. Payton,* 544 U.S. 133, 141, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005). To establish that the state court unreasonably applied federal law, a petitioner must show that the state court's application of Supreme Court precedent to the facts of his case was not only "incorrect or erroneous" but "objectively unreasonable." *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005) (internal quotation marks omitted). Where no decision of the Supreme Court "squarely addresses" an issue, a state court's adjudication of that issue cannot result in a decision that is contrary to, or an unreasonable application of, Supreme Court precedent. *See Wright v. Van Patten,* 552 U.S. 120, 125–26, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008); *Carey v. Musladin,* 549 U.S. 70, 77, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006).

The claim raised in the instant Petition was raised before the California Supreme Court, but that court did not issue a written opinion. In fact, no state court explained its reasons for denying Petitioner's claim. Thus, the Court must conduct an independent review of the record to determine whether the resolution of the case was objectively reasonable in light of clear United States Supreme Court precedent. *See Greene v. Lambert,* 288 F.3d 1081, 1088–89 (9th Cir.2002) (finding that independent review of the record is necessary when state court provides "no reasoned explanation for its decision on a petitioner's federal claim," because "there

is nothing to which to defer"); *see also Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir.2003) ("Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable.").

## IV.

## DISCUSSION

■ Petitioner claims that his constitutional right to self-representation was violated when the trial court refused to allow him to represent himself at the preliminary hearing. (Petition, attached Memorandum of Points and Authorities.) There is no merit to this claim.

■ It is well-established that the Sixth Amendment provides criminal defendants with the right to represent themselves at trial. *See Faretta v. California*, 422 U.S. 806, 815–16, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("[A] defendant has a constitutionally protected right to represent himself in a criminal trial."); *United States v. Mohawk*, 20 F.3d 1480, 1484 (9th Cir.1994) ("The Sixth Amendment confers upon a criminal defendant the right to represent himself or herself at trial."). The Supreme Court, however, has never specifically addressed whether the right to self-representation extends to pre-trial proceedings, such as preliminary hearings. Nor is it at all clear whether such a right exists. *Compare Gerstein v. Pugh*, 420 U.S. 103, 118–26, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (stating that there is no constitutional right to a preliminary hearing) *and Howard v. Cupp*, 747 F.2d 510 (9th Cir.1984) ("[T]here is no fundamental right to a preliminary hearing.") *with Coleman v. Alabama*, 399 U.S. 1, 9–10, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) (finding that preliminary hearing was a critical stage of the proceedings entitling defendant to the assistance of counsel). Accordingly, the California courts' decision denying Petitioner's claim could not have been contrary to, or an unreasonable application of, clearly established United States Supreme Court law because there is no clearly established law that Petitioner had a right to represent himself at the preliminary hearing. *See Musladin*, 549 U.S. at 77, 127 S.Ct. 649.

■■ Moreover, even if Petitioner had a constitutional right to represent himself at the preliminary hearing, the trial court did not violate that right in this case because Petitioner waited until the last minute to make his motion. Though a trial court is required to honor a defendant's timely request to represent himself, *see Faretta*, 422 U.S. at 834–36, 95 S.Ct. 2525 (finding Sixth Amendment violation when request for self-representation made "weeks before trial"), a defendant's request to do so on the day of a hearing is untimely and does not have to be honored. *Marshall v. Taylor*, 395 F.3d 1058, 1061–62 (9th Cir.2005); *see also Stenson v. Lambert*, 504 F.3d 873, 884 (9th Cir.2007) ("The Supreme Court has never held that *Faretta's* 'weeks before trial' standard requires courts to grant requests for self-representation coming on the eve of trial."), *cert denied*, —— U.S. ——, 129 S.Ct. 247, 172 L.Ed.2d 188 (2008).

Here, Petitioner's request to represent himself on the day of his preliminary hearing was untimely. Thus, even assuming that he had a constitutional right to represent himself at the hearing, the trial court's failure to grant his request because he waited until the day of the hearing to make it did not violate the Constitution.

## V.

## RECOMMENDATION

For these reasons, IT IS RECOMMENDED that the Court issue an Order:

(1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered denying the Petition and dismissing this case with prejudice.[1]

DATED: September 2, 2010.

---

1. The Court is not inclined to issue a Certificate of Appealability ("COA") in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). If Petitioner believes that a COA should issue, he should explain why in his Objections to this Report and Recommendation.